PEOPLE v. JACKSON

1. APPEAL AND ERROR—NEW TRIAL—MOTION FOR NEW TRIAL—PRE-
SERVING QUESTION.
　　Court of Appeals will not consider whether to grant a motion
　　for a new trial on the ground of newly-discovered evidence even
　　though the statutory period to move for a new trial as a
　　matter of right has passed where no application for leave to
　　move for a new trial had been made in the trial court (MCLA
　　§§ 770.1, 770.2).

2. MOTIONS—MOTION FOR NEW TRIAL—STATUTES—TIME LIMIT.
　　Statute limiting the time in which a motion for a new trial may
　　be made as a matter of right is not jurisdictional (MCLA
　　§ 770.2).

Appeal from Recorder's Court of Detroit, Henry
Heading, J. Submitted Division 1 January 12,
1971, at Detroit. (Docket No. 9726.) Decided
February 26, 1971.

Albert Jackson was convicted of armed robbery.
Defendant appeals. Motion to affirm granted.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Appellate Department, and *Patricia J. Boyle,*
Assistant Prosecuting Attorney, for the people.

*Charles T. Burke,* for defendant on appeal.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 4 Am Jur 2d, Appeal and Error § 499.
[2] 39 Am Jur, New Trial § 12.

Before: LESINSKI, C. J., and V. J. BRENNAN and J. H. GILLIS, JJ.

PER CURIAM.  Defendant was tried by jury on the charge of robbery armed and found guilty on February 10, 1970.  On March 3, 1970, he was sentenced to a term of 5 to 20 years imprisonment by Judge Henry Heading of the Recorder's Court.  By order dated May 26, 1970, Judge Heading granted defendant's timely motion for the appointment of appellate counsel.  Counsel filed a claim of appeal within 60 days thereafter.

The only issue advanced in support of this appeal is whether this Court should grant the appellant a new trial on the basis of an affidavit submitted here which presumably qualifies as newly-discovered evidence.  The people have filed a motion to affirm the conviction and sentence.

The defendant contends that he was precluded from filing a motion for new trial in the lower court because of the requirement contained in MCLA § 770.2 (Stat Ann 1954 Rev § 28.1099), "motions for new trials shall be made within 30 days after verdict".  Therefore, it is argued, this Court must consider the motion on appeal.

Although the time allowing motions for new trial as a matter of right has expired, the statute which sets out the time period is not jurisdictional.  The defendant is not precluded from filing an application for leave to move for a new trial pursuant to MCLA § 770.1 (Stat Ann 1954 Rev § 28.1098).  This Court has previously stated that it will not substitute its judgment for that of the trial court.  Since the issue has not been raised in the lower court it is not properly before us now.  See *People v. Thomas* (1968), 10 Mich App 693.  The motion to affirm is granted.