Derrick HODGES *v.* STATE of Arkansas

CA CR 79-112 593 S.W. 2d 494

Opinion delivered January 23, 1980
Released for publication February 13, 1980

*John W. Achor*, Public Defender, by: *Howard W. Koopman*, Deputy Public Defender, for appellant.

*Steve Clark*, Atty. Gen., by: *Dennis R. Molock*, Asst. Atty. Gen., for appellee.

GEORGE HOWARD, JR., Judge. Appellant was convicted of robbery by the trial court sitting as a jury and was sentenced to the Department of Correction for five years, with

two years suspended. Appellant's request for credit for the time spent in the county jail was denied.

Following appellant's release from jail, after executing bond, on January 25, 1978, appellant failed to appear at a scheduled hearing on January 3, 1979. Pursuant to an alias warrant, appellant was arrested and confined to jail on a "no bond" status on January 5, 1979, and remained incarcerated until the date of his conviction on March 30, 1979. Hence, appellant spent eighty-five (85) days in jail from the date of his arrest on the alias warrant to the date of his conviction.

The State argues that appellant is not entitled to credit since appellant's confinement was due to his failure to appear and not because of indigency. In other words, appellant, in effect, was a fugitive from justice and that the facts in the instant case are functionally equivalent to those in *Hughes* v. *State,* 260 Ark. 399-A, 540 S.W. 2d 592 (1976), where our Supreme Court held that appellant was not entitled to credit for the period spent in Alaska as a fugitive from justice awaiting transportation back to Arkansas.

Ark. Stat. Ann. § 41-904 (Repl. 1977) provides:

If a defendant is held in custody for conduct that results in a sentence to imprisonment, the court shall credit the time spent in custody against the sentence.

It is clear that no charge was lodged against appellant for failure to appear.[1]

While appellant's confinement on January 5th was pursuant to an alias warrant, it is plain he was held under the robbery charge pending final disposition of that charge. We are persuaded that appellant is entitled to credit for the period dating from January 5th to March 30th, aggregating a total of eighty-five (85) days.

The judgment, as so modified, is affirmed.

---

[1] Ark. Stat. Ann. § 41-2820 (Repl. 1977) provides in pertinent part:

(1) A person commits the offense of failure to appear if subsequent to having been:

---

· · ·

(b) lawfully set at liberty upon condition that he appear at a specified time, place, and court: he fails to appear without reasonable excuse.

(2) Failure to appear is a class C felony if the required appearance was to answer a charge of felony or for disposition of any such charge either before or after a determination of guilt of the charge.