PEOPLE v GIBSON

Docket No. 51243. Submitted September 3, 1980, at Detroit.— Decided October 24, 1980.

Reuben Gibson was convicted, on his pleas of guilty, of armed robbery and possession of a firearm in the commission of or attempt to commit a felony, Recorder's Court of Detroit, Joseph A. Gillis, J. Defendant appeals from the sentences imposed, alleging that the trial court erred by failing to give him credit for time spent in jail in Georgia while awaiting extradition to Michigan. *Held:*

The statute which provides for credit for time spent in jail prior to sentencing is applicable where the defendant was incarcerated in a foreign jurisdiction as well as where the defendant was incarcerated in Michigan. Failure to credit the defendant with the time spent in Georgia was error.

Reversed and remanded for resentencing.

CRIMINAL LAW — SENTENCING — CREDIT FOR TIME SERVED — TIME SERVED IN FOREIGN JURISDICTION.

A defendant is entitled to sentence credit for time spent in jail in a foreign jurisdiction, in which he was apprehended, while awaiting extradition to Michigan for trial.

*Charles Burke,* for defendant on appeal.

Before: BASHARA, P.J., and N. J. KAUFMAN and R. M. MAHER, JJ.

PER CURIAM. Defendant pled guilty in Recorder's Court of Detroit to robbery armed, MCL 750.529; MSA 28.797, and to possession of a firearm in the commission of or attempt to commit a felony, MCL 750.227b; MSA 28.424(2). He appeals from his

REFERENCE FOR POINTS IN HEADNOTE
[1] 31 Am Jur 2d, Extradition § 74.

sentences on these plea-based convictions as of right, pursuant to GCR 1963, 806.1.

One question is presented by defendant in his appeal, that being: Did the trial court err in failing to give defendant credit for time spent in a Georgia jail while extradition proceedings brought by the State of Michigan were pending? The prosecution has not filed an answer to defendant's brief on appeal. We, therefore, assume that appellant's contentions are undisputed.

At the sentencing hearing, the following colloquy occurred:

"THE COURT: The sentence of the Court will be one to twenty years on Count I, robbery armed, and the mandatory two years on the possession of a firearm.

"He will be given credit for 35 days on Count II only * * *.

"MR. TROPP *[Defense counsel]*: He tells me that he did quite a bit of time down in Georgia. Evidently was a period of time they had him in custody—three months, he says—to bring him up here to Michigan.

"Is there a chance he can get credit for that?

"THE COURT: He didn't waive extradition down there. That's why it took three months.

"MR. TROPP: He said he signed it when they told him to sign it.

"THE COURT: Well, he waited three months.

"MR. TROPP: Is there any chance of him getting credit for that?

"THE COURT: No, he can't get credit for that.

"MR. TROPP: When they told him to sign, he signed, he said."

We agree that the trial court erred in failing to give defendant credit for the time spent in the Georgia jail while awaiting extradition to Michigan. The applicable statute provides:

"Whenever any person is hereafter convicted of any

crime within this state and has served any time in jail prior to sentencing because of being denied or unable to furnish bond for the offense of which he is convicted, the trial court in imposing sentence shall specifically grant credit against the sentence for such time served in jail prior to sentencing." MCL 769.11b; MSA 28.1083(2).

In *People v Havey,* 11 Mich App 69; 160 NW2d 629 (1968), *lv den* 381 Mich 756 (1968), the Court of Appeals ruled that a defendant who was held in custody in the State of Oregon while awaiting extradition to Michigan was entitled to credit for the time spent in the Oregon jail.

Relying on the precursor to the above-cited statute, the *Havey* case stated:

"Statutes relating to the computation of time served under a sentence, and the allowance of credit thereon for time served under particular circumstances, were designed to confer a benefit on the person lawfully detained, and may not be interpreted to his detriment." *Havey, supra,* 82.

The Court then continued:

"The right to credit under the statute is not limited to the time spent in prison or jail in a jurisdiction, but also includes the time spent in jail in another jurisdiction, in which he was apprehended, preliminary to being sent back for trial." *Id.*

Because *Havey* is exactly on point with the case at bar, we remand to the trial court for a determination of the number of days of credit to which defendant is entitled and for imposition of a new sentence in accordance therewith. We do not retain jurisdiction.

Reversed and remanded.