PEOPLE v DORSEY

Docket No. 47845. Submitted December 12, 1980, at Lansing.—Decided February 9, 1981.

Randolph H. Dorsey, Jr., pled guilty to uttering and publishing forged instruments and was sentenced to prison, Bay Circuit Court, John X. Theiler, J. He appeals, alleging that the trial court erred in failing or refusing to consider a codefendant's sentence in imposing sentence on him and in failing to grant credit to him for time spent in custody prior to sentencing. *Held:*

1. The trial court properly imposed sentence within the minimum and maximum bounds for the crime for which defendant was convicted. The court was not required to consider the sentence imposed on a codefendant.

2. The trial court erred in failing to grant credit to defendant for the time spent in custody in the State of Washington prior to his extradition to Michigan even though such time was spent pursuant to a sentence imposed for conviction of another crime because Washington authorities were aware of the charges pending in Michigan and defendant would have been held pending extradition regardless of pending Washington charges or defendant's conviction or acquittal thereon.

Affirmed in part, reversed in part.

1. CRIMINAL LAW — SENTENCING — APPEAL.

Individualized punishment for every defendant convicted of a crime is favored by Michigan public policy; there is no requirement that a sentence imposed on one codefendant should in any way affect the sentence of another codefendant, and where the sentence imposed is within minimum and maximum bounds for the crime for which the defendant was convicted it will not be disturbed on appeal.

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 867.
21 Am Jur 2d, Criminal Law § 533.
[2] 21 Am Jur 2d, Criminal Law §§ 545, 606.
Right to credit for time spent in custody prior to trial or sentence. 77 ALR3d 182.

2. CRIMINAL LAW — SENTENCING — CREDIT FOR TIME SERVED —
   EXTRADITION — STATUTES.

> A trial court, in imposing sentence, must specifically grant credit
> to a defendant for time served in jail prior to sentencing where
> the defendant was denied or was unable to furnish bond for the
> offense for which he was convicted, including time spent in
> custody awaiting extradition (MCL 769.11b; MSA 28.1083[2]).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George B. Mullison,* Prosecuting Attorney, and *Thomas J. Rasdale,* Assistant Prosecuting Attorney, for the people.

*John A. Lydick,* Assistant State Appellate Defender, for defendant on appeal.

Before: BRONSON, P.J., and J. H. GILLIS and C. L. BOSMAN,\* JJ.

PER CURIAM. Defendant was plea-convicted of uttering and publishing, MCL 750.249; MSA 28.446. He was sentenced to from 7 to 14 years imprisonment. Defendant appeals as of right.

Both of defendant's claims of error arise from his sentencing. The first issue questions the trial court's failure or refusal to consider a codefendant's sentence when sentencing Mr. Dorsey.

Michigan policy favors individualized punishment for every defendant. *People v Lee,* 391 Mich 618, 635; 218 NW2d 655 (1974), *People v McFarlin,* 389 Mich 557, 574; 208 NW2d 504 (1973). There is no requirement that one codefendant's sentence should in any way affect the sentence of another codefendant. Because the sentence imposed was "within the minimum and maximum bounds for the crime to which [defendant] pled guilty", we have no authority to disturb it on appeal. *People v*

---

\* Circuit judge, sitting on the Court of Appeals by assignment.

*Armstrong,* 99 Mich App 137, 140; 297 NW2d 637 (1980).

Defendant's second claim of error asserts that the trial court erred in failing to credit defendant with time spent in custody in the State of Washington while he was awaiting extradition to Michigan.

The within offense occurred on October 12, 1976. After defendant was arraigned on November 22, 1976, he was held in custody in the Bay County jail. On or about December 8, 1976, defendant escaped from the jail. He remained at large, to the knowledge of the Bay County officials, until on or about January 18, 1978. On that date, authorities in the State of Washington notified Bay County that defendant was in custody on unrelated charges. On April 24, 1978, defendant was convicted of such charges in Washington, and, on July 17, 1978, he began serving his sentence at the Washington State Penitentiary. He remained in that penitentiary until he was returned to Michigan under the Interstate Agreement on Detainers, MCL 780.601 *et seq.;* MSA 4.147(1) *et seq.,* on November 20, 1978.

Defendant's argument on appeal is that he should have been credited with the time spent in custody in Washington from January 18, 1978, to July 17, 1978. The prosecutor disputes defendant's entitlement to this credit, but not the amount of time requested.

In *People v Havey,* 11 Mich App 69, 81-83; 160 NW2d 629 (1968), *lv den* 381 Mich 756 (1968), this Court ruled that a defendant should be credited with time spent in Oregon while he was awaiting extradition to Michigan. The primary basis for this ruling was that credit should be granted under

MCL 769.11b; MSA 28.1083(2),[1] if that provision were interpreted to defendant's benefit. The Michigan Supreme Court cited the *Havey* ruling in *Brinson v Genesee Circuit Judge,* 403 Mich 676, 686-687; 272 NW2d 513 (1978), *reh den* 406 Mich 1119 (1979). In *Brinson,* defendant was credited with time spent in Pennsylvania while awaiting extradition to Michigan.

In *Brinson,* defendant had been arrested outside Michigan on a warrant issued by Michigan authorities; defendant was not being held on pending charges originating in that jurisdiction. *Id.,* 679-680. In *Havey,* defendant left Michigan while free on bond. He was arrested and tried in Oregon on a burglary charge which resulted in an acquittal, and he was extradited to Michigan approximately 11 months later. *Havey, supra,* 72. Apparently, defendant was detained on a fugitive complaint immediately after his acquittal. *Id.,* 82. Thus, he was in custody in Oregon solely because of the Michigan charge.

We do not view as dispositive the fact that *Brinson* and *Havey* were held outside Michigan solely on Michigan charges and that the instant defendant was held in Washington on Washington charges. Even if there had been no charges pending against the defendant in Washington or he had been acquitted of the Washington charges on or before January 18, 1978, he would have been held there awaiting extradition. The record indicates that the Washington authorities were aware of the Michigan charges as of January 18, 1978.

---

[1] "Whenever any person is hereafter convicted of any crime within this state and has served any time in jail prior to sentencing because of being denied or unable to furnish bond for the offense of which he is convicted, the trial court in imposing sentence shall specifically grant credit against the sentence for such time served in jail prior to sentencing."

Thus, we find that defendant should be credited with the period spent in custody from January 18, 1978, to July 17, 1978, on the authority of *Brinson, supra,* and *Havey, supra.* Accordingly, we order that defendant be given such 181-day credit, GCR 1963, 865.1(7).

Affirmed as modified.