PEOPLE v BECKER

Docket No. 54114. Submitted October 13, 1981, at Lansing.—Decided
      January 28, 1982.
    Hiram R. Becker pled guilty in Genesee Circuit Court to a charge
      of criminal sexual conduct in the third degree and was sen-
      tenced, Donald R. Freeman, J. Defendant appeals the trial
      court's denial of credit for time spent in prison in Pennsylvania
      while awaiting extradition to Michigan for trial on this charge.
      *Held:*
        Defendant is entitled to credit against his sentence for the
      amount of time that elapsed between the date the detainer was
      filed in Pennsylvania to the date defendant was returned to
      Michigan to stand trial.
        Affirmed as modified.
        V. J. BRENNAN, J., dissented. He would hold that defendant is
      not entitled to credit for time spent in prison in Pennsylvania
      on an unrelated charge. The appropriate statute allows credit
      for time served in jail in another state while awaiting extradi-
      tion, but not for time spent serving a sentence for an offense
      committed in the other state and unrelated to the charged
      offense in Michigan. He would affirm defendant's conviction
      and sentence without modification.

OPINION OF THE COURT

1. CRIMINAL LAW — SENTENCING — CREDIT FOR TIME SERVED — TIME
      SERVED IN FOREIGN JURISDICTION.
    A defendant is entitled to sentence credit for time spent in jail in
      a foreign jurisdiction while awaiting extradition to Michigan
      from the date the detainer is filed in the foreign jurisdiction to
      the date the defendant is returned to Michigan (MCL 769.11b;
      MSA 28.1083[2]).

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law § 548.
  Right to credit for time spent in custody prior to trial or sentence.
      77 ALR3d 182.

Dissent by V. J. Brennan, J.

2. Criminal Law — Sentencing — Credit for Time Served — Time Served in Foreign Jurisdiction.

> *A defendant is not entitled to sentence credit for time spent in jail in a foreign jurisdiction while awaiting extradition to Michigan if the defendant is already in jail in the foreign jurisdiction for an offense committed in that jurisdiction which is unrelated to the charged offense in Michigan (MCL 769.11b; MSA 28.1083[2]).*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Appellate Division, and *Janice K. Rundles,* Assistant Prosecuting Attorney, for the people.

*Robert M. Crites* and *John A. Streby,* for defendant on appeal.

Before: Bashara, P.J., and R. B. Burns and V. J. Brennan, JJ.

Per Curiam. Defendant was convicted on his plea of guilty of criminal sexual conduct in the third degree, MCL 750.520d; MSA 28.788(4). The sole issue raised on appeal is whether defendant is entitled to credit against his 10- to 15-year prison sentence for time spent in prison in Pennsylvania while awaiting extradition to Michigan for this charge.

We have carefully reviewed the record and briefs and hold that defendant is entitled to credit against the sentence beginning March 30, 1978, the date the detainer was filed in Pennsylvania, until October 16, 1978, when defendant was returned to Michigan. MCL 769.11b; MSA 28.1083(2). *People v Gibson,* 101 Mich App 205; 300 NW2d 500 (1980), *People v Dorsey,* 104 Mich App 528; 305 NW2d 257 (1981).

Pursuant to GCR 1963, 820.1(7), the defendant's

minimum and maximum sentences are hereby reduced by 200 days.

Affirmed as modified herein.

V. J. BRENNAN, J. *(dissenting).* I respectfully dissent. The defendant is not entitled to credit for time spent in Pennsylvania on an unrelated charge. MCL 769.11b; MSA 28.1083(2) allows credit for time served in jail in another state while *awaiting* extradition, but not for time spent serving a sentence or relating to an offense committed in the other state and unrelated to the charged offense in Michigan. I would, therefore, find that the trial judge did not abuse his discretion in denying the defendant credit for the time he spent in Pennsylvania. Defendant's plea-based conviction should be affirmed.