The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Gary M. HARDMAN, Defendant-Appellant.

No. 81CA1239.

Colorado Court of Appeals, Div. I.

Oct. 21, 1982.

Loren B. Schall, Asst. Dist. Atty., Barbara Case, Deputy Dist. Atty., Fort Collins, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Gerald E. Piper, Deputy State Public Defender, Denver, for defendant-appellant.

ENOCH, Chief Judge.

Defendant seeks review of the trial court's denial of credit for 68 days during which he was confined in Ohio while awaiting extradition to Colorado on charges to which he subsequently pled guilty. The People have confessed error, and we agree. Thus, we remand with directions.

After defendant had failed to appear at a hearing in Colorado relating to his arrest based on an information charging him with theft by deception, he was arrested on March 25, 1981, in Ohio on an extradition warrant from Colorado. Defendant remained in custody in Ohio until June 1, 1981, when he was turned over to the Colorado authorities. A charge of theft of rental property was then added to the information, and, following a plea agreement, defendant pled guilty on October 21, 1981, to both charges and was sentenced to concurrent five-year terms.

Pursuant to § 16–11–306, C.R.S.1973 (1981 Cum.Supp.), the trial court credited him with 143 days of pre-sentence confinement for the time he spent in custody in Colorado from June 1 to October 21, 1981. However, the court denied defendant's motion for post-trial relief requesting credit for the 68 days served in Ohio on the grounds that such incarceration was not "pre-sentence confinement" under § 16–11–306, but rather "detainment on warrant for purposes of returning the defendant to face charges in the state of Colorado ..." after a "wrongful flight from ... Colorado and evasion of lawful process ...."

Defendant contends that § 16–11–306 requires that he receive credit for the period of custody in Ohio. We agree.

Section 16–11–306, C.R.S.1973 (1981 Cum.Supp.), provides in part that "[a] person who is confined prior to the imposition of sentence is entitled to credit against the term of his sentence for the entire period of such confinement." This section removes from the trial court any discretion to deny a defendant credit against his sentence for pre-sentence confinement time, and, consequently, the only judicial function is to make a finding of fact concerning the number of days spent by a defendant in pre-sen-

tence confinement. *People v. Dempsey,* 624 P.2d 374 (Colo.App.1981).

The statute does not distinguish between confinement within Colorado and confinement outside of the state, but instead requires credit for *all* pre-sentence time that a defendant is confined on the charge for which he is ultimately sentenced. Such a view is consistent with that taken by other jurisdictions when construing similar provisions. *See, e.g., Hodges v. State,* 267 Ark. 1112, 593 S.W.2d 494 (Ark.Ct.App. 1980); *People v. Gibson,* 101 Mich.App. 205, 300 N.W.2d 500 (1980); *State v. Mahler,* 128 Ariz. 429, 626 P.2d 593 (1981).

We therefore hold that § 16–11–306, C.R.S.1973 (1981 Cum.Supp.) requires that defendant be credited with the Ohio pre-sentence confinement time, and that the trial court erred in refusing to credit the same to defendant.

Accordingly, the cause is remanded to the trial court with directions that the mittimus be corrected to reflect the additional 68 days of pre-sentence confinement in Ohio.

KELLY and STERNBERG, JJ., concur.