PEOPLE v BISOGNI

Docket No. 71750. Submitted November 3, 1983, at Grand Rapids.—
Decided February 8, 1984.

Michael K. Bisogni was convicted, on his plea of guilty, of
conspiracy to commit larceny under $100, Otsego Circuit Court,
William A. Porter, J. The defendant was sentenced to probation
for two years with the first year to be served in jail. The
defendant appealed alleging that he was deprived of the
effective assistance of counsel and because the statutory
maximum sentence for the offense for which he was convicted
is one year imprisonment, once he has served the one year in
jail he may not then be required to serve any additional
probation period. *Held:*

1. The defendant was not denied the effective assistance of
counsel. The defendant's argument that his attorney should
have argued to the court at the time of sentencing that defen-
dant's alleged co-conspirator was sentenced to only six months
probation with no jail time lacks merit. There is no require-
ment that a court consider the sentence given to a co-partici-
pant in imposing sentence on a defendant.

2. The defendant's sentence should be vacated to the extent
that it would impose a period of probation after the defendant
had completed serving the one year of imprisonment. The
sentencing court's imposition of a period of probation to follow
the defendant's completion of the one-year jail sentence, the
statutory maximum sentence allowed, is meaningless because
the terms of probation would not be enforceable. Once the
maximum sentence has been served, any additional sentence
imposed is void and must be vacated.

Affirmed, but the defendant's sentence partially vacated.

1. Criminal Law — Sentencing.

Criminal sentences should be individualized and tailored to fit the
offender; a judge in imposing a sentence on a defendant is not

References for Points in Headnotes
[1] 21 Am Jur 2d, Criminal Law § 594.
[2] 21 Am Jur 2d, Criminal Law §§ 537, 538.

required to consider the sentence given to a co-participant in the crime.

2. CRIMINAL LAW — SENTENCING.

Once a defendant has served the maximum sentence allowed by statute for the crime for which he was convicted, any additional sentence imposed for that conviction is void and must be vacated.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *James C. Cotant,* Prosecuting Attorney, and *Jann Ryan Baugh,* Assistant Attorney General, for the people.

State Appellate Defender (by *Sheila N. Robertson),* for defendant on appeal.

Before: MACKENZIE, P.J., and J. H. GILLIS and T. C. MEGARGLE,* JJ.

PER CURIAM. Defendant pled guilty to conspiracy to commit larceny under $100. MCL 750.157a, 750.356; MSA 28.354(1), 28.588. Defendant was sentenced to two years probation, with the first year to be served in jail as a condition of probation. Defendant appeals as of right.

Defendant first claims that he was deprived of effective assistance of counsel because his attorney failed to argue at the sentencing hearing that defendant's alleged co-conspirator, who had pled guilty to receiving and concealing stolen property under $100, was sentenced to only six months probation with no jail time, and that the court should consider this factor in mitigation of defendant's sentence. This claim is without merit. Sentences are to be individualized and tailored to fit the offender. *People v McFarlin,* 389 Mich 557, 574; 208 NW2d 504 (1973). There is no require-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ment that a court consider the sentence given to a co-participant in the crime in sentencing a defendant. *People v Dorsey,* 104 Mich App 528, 529; 305 NW2d 257 (1981). We decline to find defendant's counsel ineffective for failing to argue a point which the sentencing court was not required to consider.

Defendant also argues that, because the statutory maximum sentence for the offense of which he was convicted is one year imprisonment, once he has served the one year imposed by the court he may not then be required to serve any additional probation period. We agree. There is no dispute that the maximum sentence of imprisonment which could be imposed on defendant is one year. The offense of larceny under $100 is a misdemeanor, MCL 750.356; MSA 28.588, and is punishable by imprisonment of not more than 90 days, MCL 750.504; MSA 28.772. Consequently, for the crime of conspiracy to commit larceny under $100, the maximum period of incarceration is one year under MCL 750.157a(c); MSA 28.354(1)(c).

The probation term of two years imposed by the court was within the statutory maximum provided in MCL 771.2(1); MSA 28.1132(1). Also, the court was statutorily authorized to impose the one-year sentence as a condition of probation under MCL 771.3(2)(a); MSA 28.1133(2)(a). However, once defendant has served that one-year sentence, he will have served the maximum period of imprisonment authorized by statute. Therefore, even if defendant subsequently violates the terms of his probation, he cannot be punished with any additional imprisonment because, once he is given credit for the one year that he has served, *People v Sturdivant,* 412 Mich 92; 312 NW2d 622 (1981), he will have already served the maximum imprisonment autho-

rized by statute. The sentencing court's imposition of a period of probation to succeed defendant's completion of the one-year jail sentence, the statutory maximum, is meaningless since the terms of probation would not be enforceable. Once the maximum sentence has been served, any additional sentence imposed is void and must be vacated. *People v Rose,* 117 Mich App 530, 536-537; 324 NW2d 25 (1982) (one-year maximum sentence already served, so additional sentence of three years probation vacated); see also *People v Dorsey,* 107 Mich App 789, 792; 310 NW2d 244 (1981). Therefore, we vacate defendant's sentence to the extent it would impose a period of probation after defendant has completed serving the one year of imprisonment.

Affirmed, with defendant's sentence being partially vacated.