*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MAURICE WAYNE ATKINSON II,

        Defendant-Appellant.

UNPUBLISHED
July 2, 2019

No. 342970
Ingham Circuit Court
LC No. 17-000423-FH

Before: TUKEL, P.J., and SERVITTO and RIORDAN, JJ.

PER CURIAM.

Defendant pleaded guilty to one count of domestic violence, MCL 750.81(2), and one count of malicious use of service provided by telecommunications service provider (malicious use of telecommunications services), MCL 750.540e. The trial court sentenced defendant to serve concurrent sentences of 93 days in jail for the domestic violence conviction and 180 days in jail for the malicious use of telecommunications services conviction, with credit for one day served. Additionally, the trial court placed defendant on 18 months' probation. Defendant appeals by leave granted,[1] challenging the trial court's denial of his motion to correct an invalid sentence. We dismiss the case as moot.

Defendant and the victim were in a domestic relationship and have two minor children together. Throughout 2016, defendant was involved in a number of incidents with the victim that led to charges and convictions in this case. Defendant pleaded guilty to domestic violence and to malicious use of telecommunications services. The trial court imposed a probationary term of 18 months, along with the statutory maximum jail sentence for each offense.

Defendant was released from jail after 78 days due to good-time credit and other jail credit received from the sheriff. In January 2018, defendant brought a motion to correct an

---

[1] See *People v Atkinson*, unpublished order of the Court of Appeals, entered May 23, 2018 (Docket No. 342970).

invalid sentence, citing *People v Bisogni*, 132 Mich App 244; 347 NW2d 739 (1984). Defendant argued that under *Bisogni*, once he had served his jail sentences, which were both set at the statutory maximum, he could not be required to serve additional probation. The prosecutor agreed and did not oppose defendant's motion. The trial court rejected defendant's arguments, holding that *Bisogni* was distinguishable, and denied his motion, reasoning that because defendant had not actually served the full 180 days of his sentence in jail he had not served the statutory maximum.

On May 3, 2019, defendant was discharged from probation, having successfully completed all conditions of probation. Defendant's discharge from probation clearly renders this appeal moot. This Court cannot provide any relief to defendant, as he has completed and been discharged from probation and no alteration of his sentence would change the result. "It is well established that a court will not decide moot issues." *People v Richmond*, 486 Mich 29, 34; 782 NW2d 187 (2010).

Dismissed as moot.

/s/ Jonathan Tukel
/s/ Deborah A. Servitto
/s/ Michael J. Riordan