*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

KYLE RICHARD BEAUCHEMIN,

Defendant-Appellant.

UNPUBLISHED
August 25, 2022

No. 357903
Tuscola Circuit Court
LC No. 20-015256-FH

Before: JANSEN, P.J., and O'BRIEN and HOOD, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of larceny, more than $200 and less than $1,000, MCL 750.356(4)(a); domestic violence, MCL 750.81(2); and assault and battery, MCL 750.81(1). Defendant was initially sentenced to 345 days' incarceration and two years' probation for larceny, 93 days' incarceration for domestic violence, and 93 days' incarceration for assault and battery.[1] On July 29, 2021, the trial court amended defendant's sentence to no jail time, but two years' probation for larceny, with credit for 339 days served, and left his other sentences unchanged.

Defendant specifically challenges the sentencing for his larceny conviction on appeal, arguing the trial court was not permitted to sentence defendant to probation when he: (1) already served the maximum statutory term of incarceration for his larceny conviction; and (2) objected to probation and requested incarceration. Defendant also contends that his larceny sentence and resentence violated the United States and Michigan Constitutions' protections against double

---

[1] A related appeal between the same parties, originating from the same trial court case number, was denied by this Court on March 30, 2021, because it was premature. *People v Beauchemin*, unpublished order of the Court of Appeals, entered March 30, 2021, (Docket No. 356639). A second related appeal between these parties was dismissed by this Court on April 15, 2021. *People v Beauchemin*, unpublished order of the Court of Appeals, entered April 15, 2021 (Docket No. 356732).

jeopardy and due process. We vacate defendant's probation sentence for larceny only, and remand to the trial court to reinstate defendant's jail time sentence for larceny with credit for time served.

## I. BACKGROUND

This case arises from an incident between defendant; Emma Spens (Emma); Emma's mother, Patricia Spens (Patricia); and Emma's and defendant's children, DS and SS, in August 2020. Emma and defendant had been dating for at least four years. In July 2020, Emma, defendant, and the children were driving to Marquette and were supposed to visit Patricia on the way, but they never arrived. Instead, Emma sent Patricia a text message informing Patricia that defendant was hurting her. Defendant and Emma had been arguing, which resulted in defendant kicking and punching Emma while he was driving. After arriving in Marquette, when defendant went to sleep, Emma left with the children and went to a woman's shelter near Patricia's house.

Ten days later, in August 2020, Patricia took Emma and the children from the shelter and drove them to Patricia's house. After a few hours, Patricia, Emma, and the children attempted to leave the house to go to the bank and deposit money that Patricia had in the truck owned by her fiancée. As they were leaving, defendant pulled into the driveway, ran from his vehicle, and indicated that he wanted to speak to Emma. Emma and Patricia told defendant to leave, but he would not. Defendant jumped on the hood of the truck, and Patricia began driving. Defendant ripped the windshield wipers off the truck, and Patricia swerved the truck from side to side in an effort to remove defendant from the truck.

As Patricia approached an intersection, she stopped at a stop sign, and turned onto the highway. Patricia drove down the highway at about 70 miles per hour while defendant was on the cover on the bed of the truck, banging on the back windows. Defendant attempted to break the back window where DS was sitting, so Emma took DS out of his car seat and held him. Patricia drove for another five miles to a gas station. About one mile from the gas station, defendant successfully used his feet to kick out the back window. Glass shattered over SS, who was sitting in a car seat in the back. SS's legs were covered in blood and cuts. After defendant broke the window, he climbed into the truck, wrapped his arm around Patricia's neck, called her expletives, and yelled at her to pull over.

Patricia pulled into a gas station, and Emma immediately exited the truck with DS. Defendant released Patricia, and moved to the front passenger seat, took the money Patricia intended to deposit at the bank, and kicked the passenger door until it was no longer able to close. Defendant exited the truck with SS, and demanded Emma walk with him and SS to a nearby church to talk. Emma complied, and at some point, officers with the Tuscola County Sheriff's Office arrived on the scene and investigated the incident.

Defendant was charged with: (1) assault of Patricia and Emma with intent to do great bodily harm less than murder or by strangulation (counts I and II), MCL 750.84; (2) larceny (count III); (3) malicious destruction of personal property (count IV), MCL 750.377a(1)(b)(*i*); (4) domestic violence (count V); and (5) assault or assault and battery (count VI). The felony complaint was later amended to add assault with intent to do great bodily harm less than murder or by strangulation of SS and DS (counts VII and VIII), and third-degree child abuse related to SS (count IX), MCL 750.136b(6). The felony complaint was amended again to remove counts VIII and IX,

and change count VII from assault with intent to do great bodily harm less than murder to fourth-degree child abuse regarding SS, MCL 750.136b(7). The jury convicted defendant of assault and battery against Patricia, larceny, and domestic violence. The jury found defendant not guilty of fourth-degree child abuse and willful and malicious destruction of property. The prosecution dismissed the charges of assault with intent to do great bodily harm.

Defendant moved for personal bond or for immediate sentencing, and requested that the trial court sentence him to incarceration. Defendant was sentenced to two years' probation and 345 days' incarceration, with credit for 339 days served for the larceny conviction, and 93 days' incarceration, with credit for time served, for the domestic violence and assault and battery convictions. Defendant moved for resentencing or partial vacation of his sentence in the trial court, arguing that the probation term was illegal and unconstitutional, because defendant requested incarceration in lieu of probation, and because defendant already served the maximum sentence for his larceny conviction. The trial court resentenced defendant to no jail time and two years' probation on the larceny charge, with credit for 339 days served, and 93 days' incarceration for the domestic violence and assault and battery charges, with credit for time served. Defendant now appeals.

## II. STANDARD OF REVIEW

"We review de novo constitutional challenges to sentencing decisions." *People v Posey*, 334 Mich App 338, 355; 964 NW2d 862 (2020). A "trial court's decision about the sentence imposed is reviewed for an abuse of discretion." *People v Rydzewski*, 331 Mich App 126, 132; 951 NW2d 356 (2020) (quotation marks and citations omitted). "Whether a defendant is entitled to credit for time served in jail before sentencing is a question of law that we review de novo." *People v Armisted*, 295 Mich App 32, 49; 811 NW2d 47 (2011). This Court also "review[s] de novo" questions of statutory construction. *People v Bensch*, 328 Mich App 1, 4 n 2; 935 NW2d 382 (2019).

## III. ANALYSIS

Defendant argues that the trial court erred in sentencing defendant to probation because he did not consent to probation and requested incarceration, and he already served the maximum sentence permitted for his larceny conviction. Defendant also argues that his larceny sentence violates due process and is contrary to the principles of substantial justice.

As noted, defendant was originally sentenced to two years' probation and 345 days' incarceration, with credit for 339 days served for the larceny conviction. Defendant moved for resentencing or partial vacation of this sentence, arguing that the probation term was illegal because defendant requested incarceration, and because defendant already served the maximum

sentence for his larceny conviction. Defendant asserted that he was entitled to 60 days of "good time" jail credit under MCL 51.282(2).[2]

Once a defendant has served a maximum incarceration sentence, he or she cannot be sentenced to probation. As explained in *People v Bisogni*, 132 Mich App 244, 246-247; 347 NW2d 739 (1984),[3]

> [O]nce defendant has served that one-year sentence, he will have served the maximum period of imprisonment authorized by statute. Therefore, even if defendant subsequently violates the terms of his probation, he cannot be punished with any additional imprisonment because, once he is given credit for the one year that he has served, *People v Sturdivant*, 412 Mich 92; 312 NW2d 622 (1981), he will have already served the maximum imprisonment authorized by statute. The sentencing court's imposition of a period of probation to succeed defendant's completion of the one-year jail sentence, the statutory maximum, is meaningless since the terms of probation would not be enforceable. Once the maximum sentence has been served, any additional sentence imposed is void and must be vacated. *People v Rose*, 117 Mich App 530, 536-537; 324 NW2d 25 (1982) (one-year maximum sentence already served, so additional sentence of three years['] probation vacated); see also *People v Dorsey*, 107 Mich App 789, 792; 310 NW2d 244 (1981). Therefore, we vacate defendant's sentence to the extent it would impose a period of probation after defendant has completed serving the one year of imprisonment.

At the hearing on defendant's motion, the prosecution agreed with defendant that under Michigan law, a defendant cannot be sentenced to probation once he has served the maximum sentence. However, the prosecution indicated that defendant's sentence should be amended to impose no jail time, and only the probation term. Seemingly, in an attempt to avoid this rule of law, the trial court amended defendant's sentence to zero days' jail time for larceny, with credit for 339 days served, and two years' probation. The trial court explained its reasoning in an opinion and order as follows:

> Defendant has cited *People v Sturdivant*, 412 Mich 92 (1981)[,] which stands for the proposition that a term of probation cannot not [sic] be imposed when the defendant has already served the statutory maximum penalty *as a term of probation*. It is important to note here that the defendant has NOT served his statutory maximum penalty. Although the defendant is relying on the Jail's

---

[2] "Every prisoner whose record shows that there are no violations of the rules and regulations shall be entitled to a reduction from his or her sentence . . . ." MCL 51.282(2). Defendant attached as an exhibit to his brief on appeal a letter from the Tuscola County Sheriff Department indicating that as of August 28, 2021, defendant was entitled to 57 days good time credit.

[3] "Although published decisions of this Court issued before November 1, 1990, are not precedentially binding, MCR 7.215(J)(1), they may be considered as persuasive authority." *People v Mathews*, 324 Mich App 416, 428 n 4; 922 NW2d 371 (2018).

calculation of good time in arguing that defendant has served his statutory maximum, there is a distinction. The time that defendant has served up until the date of sentencing was NOT due to a term of probation, but rather was due to his inability to post bond.

The trial court abused its discretion when it resentenced defendant to zero days' incarceration and two years' probation. There was nothing legally wrong with defendant's original sentence of 345 days' incarceration. The statutory maximum for misdemeanor larceny is one year. MCL 750.356(4)(a). And a trial court may only resentence a defendant when the previous sentence was invalid. *People v Moore*, 468 Mich 573, 579; 664 NW2d 700 (2003). Defendant was awarded credit for 339 days toward his larceny sentence. When good time credit is applied, as it should be, *Sturdivant*, 412 Mich at 94, 98, defendant will have served his maximum sentence, rendering the probation sentence invalid. Therefore, defendant's two-year probation sentence for larceny is vacated, and this matter is remanded to the trial court to reinstate defendant's jail sentence with credit for time served. Having resolved the issue on appeal, we need not address defendant's additional arguments.

Defendant's probation sentence for misdemeanor larceny is vacated, and this matter is remanded for the reinstatement of his original sentence for incarceration with credit for time served. We do not retain jurisdiction.

/s/ Kathleen Jansen
/s/ Colleen A. O'Brien