## PEOPLE v. THOMAS.

1. CRIMINAL LAW—NEW TRIAL—LEAVE TO FILE MOTION—TIME LIMIT.

Motion for new trial as a matter of right in criminal case must be filed within 30 days after verdict, but there is no final time limitation upon the power of a trial court to grant a motion for new trial where leave to file such a motion is first obtained (CL 1948, § 770.2).

2. SAME—NEW TRIAL—LEAVE TO FILE MOTION.

Court of Appeals will not consider issue raised as basis for new trial where no application for leave to move for new trial was made in trial court after statutory time to move as a matter of right for new trial had passed before counsel on appeal was appointed (CL 1948, § 770.2).

3. SAME—SENTENCE—CREDIT FOR TIME IN JAIL.

The trial court must grant credit against the sentence for time served while being held in jail on the complaint which resulted in the sentence (MCLA § 769.11b).

4. SAME—SENTENCE—CREDIT FOR JAIL TIME—CHARGES OF TWO CRIMES.

Trial court correctly granted credit for time served in jail after charge of second crime was lodged against sentence for second crime, where defendant was in jail before that time charged with first crime, and Court of Appeals expresses no opinion on what credit must be granted defendant if conviction on first charge follows that on second charge (MCLA § 769.11b).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 39 Am Jur, New Trial § 181.
[2] 5 Am Jur 2d, Appeal and Error §§ 555, 556; 39 Am Jur, New Trial §§ 14, 20.
[3] 21 Am Jur 2d, Criminal Law §§ 533, 545.
[4] 21 Am Jur 2d, Criminal Law §§ 533, 545, 546.

Appeal from Recorder's Court of Detroit; Schemanske (Frank G.), J. Submitted Division 1 December 7, 1967, at Detroit. (Docket No. 3,643.) Decided April 2, 1968.

Garret Vernon Thomas was convicted of assault with intent to commit rape. Defendant appeals. Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *William L. Cahalan*, Prosecuting Attorney, *Samuel J. Torina*, Chief Appellate Lawyer, and *Thomas P. Smith*, Assistant Prosecuting Attorney, for the people.

*Herman S. Avrin*, for defendant.

McGregor, J. This is an appeal from Detroit recorder's court. Defendant was arrested on November 28, 1965, and held until June 1, 1966, a total of 186 days. On March 3, 1967, the defendant was convicted by a jury of assault with intent to commit rape,[1] and was sentenced to a term of 5 to 10 years at the State prison, less credit for 84 days for the time previously spent in custody.[2] Forty-five days after the verdict, counsel on appeal was appointed. Defense counsel complains that the period in which the defendant may file a motion for new trial has passed.

"Motions for new trials shall be made within 30 days after verdict." CL 1948, § 770.2 (Stat Ann 1954 Rev § 28.1099).

True, the statutory time allowing motion for new trial as a matter of right has passed. However, the statute is not of a jurisdictional nature.

---

[1] CLS 1961, § 750.85 (Stat Ann 1962 Rev § 28.280).
[2] PA 1927, No 175, ch 9, § 11b, as added by PA 1965, No 73 (MCLA § 769.11b, Stat Ann 1968 Cum Supp § 28.1083[2]).

"The people's brief also contends that the superior court has lost jurisdiction to grant the motion considered herein through passage of time. We do not agree.

"Under Michigan law there is no final time limitation * * * to grant a motion for new trial. Such motions are heard as a matter of right only when filed within 20 days. * * * But the granting of long-delayed motions for new trial is within the inherent power of the court where leave to file such a motion is first obtained." *People* v. *Barrows* (1959), 358 Mich 267, 273.

Application for leave to move for new trial, pursuant to CL 1948, § 770.1 (Stat Ann 1954 Rev § 28.1098), is not apparent in the record of this case. On the issue raised as basis for the new trial we will not substitute our judgment for that of the trial court.

The trial court properly allowed credit for jail time, under PA 1927, No 175, ch 9, § 11b, as added by PA 1965, No 73 (MCLA § 769.11b, Stat Ann 1968 Cum Supp § 28.1083[2]). The defendant in this case was in jail awaiting trial on another case in the recorder's court of the city of Detroit, being case No. A–123997. The complaint in this case was lodged on September 21, 1965, and he was held on that complaint from that time on. For this period the trial court gave credit for time served. We pass no judgment here as to the credit due defendant on the sentence in the event he is or was convicted in the other case.

We find no error and affirm the conviction. This is without prejudice to the defendant to seek leave of the trial court for purposes of making post-conviction motions.

Affirmed.

LESINSKI, C. J., and FITZGERALD, J., concurred.