PEOPLE v PRIESKORN

Docket No. 75370. Argued June 5, 1985 (Calendar No. 24).—Decided
    December 30, 1985. Released February 11, 1986.

Joseph E. Prieskorn pled guilty in the Otsego Circuit Court,
    William A. Porter, J., as a second-felony offender to one of
    three counts of delivery of marijuana in exchange for dismissal
    of the remaining counts. The court granted sentence credit for
    fifty-eight days of incarceration that the defendant served, prior
    to sentencing for the marijuana offense, for an unrelated of-
    fense committed while he was free on bond on two of the
    marijuana delivery charges and before being charged with a
    third delivery of marijuana, also committed while he was free
    on bond. The Court of Appeals, BEASLEY and O'BRIEN, JJ. (M. J.
    KELLY, P.J., concurring in part and dissenting in part), affirmed
    the defendant's conviction, but held that the trial court had
    miscalculated the amount of credit for time served to which the
    defendant was entitled, and remanded the case to the trial
    court for recomputation in an unpublished opinion per curiam.
    The Court further held that the defendant was entitled to
    credit for incarceration pending disposition of the marijuana
    charges, but denied sentence credit for the time served for the
    unrelated violation (Docket No. 70016). The defendant appeals.

In an opinion by Justice RYAN, joined by Chief Justice
    WILLIAMS and Justices BRICKLEY, BOYLE, and RILEY, the Su-
    preme Court *held:*

To receive credit at the time of sentencing for time spent in
    incarceration prior to conviction of an offense, a defendant
    must have been incarcerated for the offense of which he is
    convicted and not for an offense or circumstance unrelated to
    the conviction.

1. Persons convicted of a crime who have served time in jail

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] Am Jur 2d, Criminal Law §§ 548-550.
    Right to credit for time spent in custody prior to trial or sentence.
        77 ALR3d 182.
[2] Right to credit on state sentence for time served under sentence of
        court of separate jurisdiction where state court fails to specify in
        that regard. 90 ALR3d 408.

prior to sentencing because of having been denied or having been unable to furnish bond are to receive credit for the time served prior to sentencing. The provision was intended to avoid leaving the matter of sentence credit to the discretion of trial courts and to put an accused who cannot post bond because of indigency on an equal footing with those who are more affluent. However, sentence credit is neither required nor permitted where, as in this case, a defendant, who is released on bond pending disposition of a charge and who is subsequently incarcerated as a result of charges arising out of an offense or circumstance unrelated to the original charge, seeks credit upon sentencing for the original offense for the time spent in incarceration for the unrelated offense.

2. In enacting the sentence credit statute, the Legislature sought to give a criminal defendant the right to credit for any time served prior to sentencing for the offense of which he is convicted, not upon any other conviction. Had the Legislature intended that convicted defendants be given credit for all time served prior to sentencing, regardless of the purpose for which the presentence confinement was served, it would not have conditioned and limited entitlement to credit to time served for the offense of which the defendant is convicted.

3. The argument that denial of credit in this case for the time the defendant spent in incarceration for the unrelated offense will result in the imposition of a consecutive sentence is without merit. The concurrent sentencing rule is not relevant in this case. Commencement of the defendant's sentence for the marijuana conviction was not delayed until after the sentence for the unrelated offense was concluded. Rather, it was imposed well after the sentence for the unrelated offense was served, and was made to commence on the date of its imposition, with credit given for all time previously served for the marijuana offense.

4. The defendant was not incarcerated because he was unable to post bond for the marijuana delivery offense. Rather, he was free on bond following having been charged for that offense when the unrelated offense was committed. To attribute to the Legislature the intent to credit the defendant for time served relative to the unrelated offense, would be to attribute to it the intent to afford the defendant a "free" misdemeanor, one for which no sentence of confinement need be or could be served.

Justice LEVIN, joined by Justice CAVANAGH, concurring, agreed that the defendant is not entitled to sentence credit for time served for the offense committed while he was free on bond. It is beyond the spirit and intendment of the sentence

credit statute to grant credit on a felony sentence for time spent incarcerated for a ninety-day misdemeanor that could not have been committed had the defendant not been free on bond.

Justice LEVIN also stated that he did not agree with the majority insofar as it seeks to construe the sentence credit statute as it has been applied by the Court of Appeals in factual situations not presented or properly before the Court in this case. It is not appropriate to seek to enunciate a rule of law to be applied, in the words of the majority, "in countless cases not yet litigated upon myriad factual scenarios yet to develop." The common-law tradition, both in the development of the common law and in the construction of statutes which in large measure are elaborations of practices and rules developed at common law, is to decide only the case at hand.

The Court is not omniscient and cannot appropriately, on the basis of the facts of this case, enunciate a rule to apply to future cases "presenting facts quite beyond our imagination today."

Affirmed.

OPINION OF THE COURT

1. CRIMINAL LAW — SENTENCES — SENTENCE CREDIT — UNRELATED OFFENSES.

To receive credit at the time of sentencing for time spent in incarceration prior to conviction of an offense, a defendant must have been incarcerated for the offense of which he is convicted and not for an offense or circumstance unrelated to the conviction (MCL 761.11b; MSA 28.1083[2]).

2. CRIMINAL LAW — SENTENCES — SENTENCE CREDIT — UNRELATED OFFENSES — BAIL.

Sentence credit is neither required nor permitted where a defendant, who is released on bond pending disposition of a charge and who is subsequently incarcerated as a result of charges arising out of an offense or circumstance unrelated to the original charge, seeks credit upon sentencing for the original offense for the time spent in incarceration for the unrelated offense (MCL 761.11b; MSA 28.1083[2]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Norman R. Hayes,* Prosecuting Attorney, and *Leonard J. Malinowski,* Assistant Attorney General, for the people.

State Appellate Defender (by *Sheila N. Robertson*) for the defendant.

RYAN, J. The issue presented for consideration is whether defendant is entitled to sentence credit in this case for time spent incarcerated under sentence for an unrelated offense committed while he was free on bond for the offense for which he now seeks sentence credit. We hold that he is not so entitled.

Defendant was arrested on April 7, 1982, and charged with two counts of delivery of marijuana. The offenses were alleged to have occurred on March 9 and March 22, 1982. Defendant posted bond on April 10, 1982, and was released from custody. On June 20, 1982, he was again arrested, this time for driving with a revoked license. He posted a seventy-five dollar bond and was again released. On July 20, 1982, defendant began serving a ninety-day sentence, following conviction, for the driving violation. On September 9, 1982, while incarcerated under sentence for the driving violation, defendant was charged with a third delivery of marijuana offense. This third delivery was alleged to have occurred on July 8, 1982, when defendant was free on the bonds previously posted for the first two marijuana offenses, and the driving violation. He did not post bond for the latest arrest.

On September 27, 1982, defendant pled guilty, as a second-felony offender, to one of the original delivery charges in exchange for a dismissal of the two other delivery charges. (The charges of March 22 and July 8.)[1] On November 22, 1982, defendant was sentenced to serve three to six years imprison-

[1] Since the July delivery occurred "pending the disposition" of the March delivery charges, defendant was subject to consecutive sentences if convicted of both the March and July deliveries. MCL 768.7b; MSA 28.1030(2).

ment. The trial court granted sentence credit for fifty-eight days served prior to sentencing.

On appeal, the Court of Appeals held, in an unpublished per curiam opinion, that the trial court had miscalculated the amount of sentence credit for time served to which the defendant was entitled pursuant to § 11b of the Code of Criminal Procedure, MCL 769.11b; MSA 28.1083(2). The Court of Appeals held that defendant was entitled to credit for:

— The four days spent in jail between his arrest on the original marijuana delivery charges and his release on bond on April 10, 1982;

— If verified, the eighteen days spent in jail while under sentence for the driving violation, between September 9, 1982, when he was charged with the third marijuana delivery violation, and September 27, 1982, when he pleaded guilty pursuant to a plea bargain, to a single marijuana delivery offense; and

— The fifty-six days between his plea of guilty on September 27, 1982, and the sentencing for that offense on November 22, 1982.

Over Judge KELLY's dissent, the appellate court declined to award credit for the fifty-one days between July 20, 1982, and September 9, 1982, that defendant spent in jail under sentence for the driving violation, and before he was charged with the third delivery of marijuana offense. The court then ordered the case remanded to the trial court for a recomputation of sentence credit due the defendant.

A chronological history of the foregoing events, divided into the relevant segments, is as follows:

4 days
{

April 7, 1982— arrested for two marijuana deliveries committed on March 9, 1982 and March 22, 1982;

April 10, 1982—released on bond;

June 20, 1982—arrested for driving on revoked license;

51 days
{

July 20, 1982— sentenced for license violation to ninety days in jail;

Sept. 9, 1982— while in jail on license violation sentence, arrested for marijuana delivery committed July 8, 1982;

18 days
{

Sept. 13, 1982—scheduled plea was adjourned for negotiations on new warrant;

Sept. 27, 1982—plea to March 9, 1982 marijuana delivery and supplementation for dismissal of the March 22 and July 8, 1982 charges:

56 days
{

Nov. 22, 1982— sentenced for the March 9, 1982 marijuana delivery to three to six years and fifty-eight days credit.

We granted leave to appeal upon the lower court's certification, pursuant to our Administrative Order No. 1984-2, that its decision was in

conflict with *People v Coyle,* 104 Mich App 636; 305 NW2d 275 (1981).[2]

# I

Michigan's sentence credit statute, MCL 769.11b; MSA 28.1083(2), provides:

> Whenever any person is hereafter convicted of any crime within this state and has served any time in jail prior to sentencing because of being denied or unable to furnish bond for the offense of which he is convicted, the trial court in imposing sentence shall specifically grant credit against the sentence for such time served in jail prior to sentencing.

Before the enactment of the statute, a criminal defendant had no right to sentence credit for the period he was confined before sentence was imposed. See *Bowen v Recorder's Court Judge,* 384 Mich 55; 179 NW2d 377 (1970). The enactment of the statute reflects the Legislature's intention to entitle every defendant in a criminal case to the sentence credit described in the statute, instead of leaving the matter to the discretion of sentencing courts.

The statute has been interpreted many different ways in the Court of Appeals, depending upon the factual permutations that result in presentence confinement in particular cases. The sheer number and the factual uniqueness of the host of cases that have been decided in the Court of Appeals defy discrete categorization, or restatement of simple majority and minority rules.

---

[2] In *Coyle,* the defendant was arrested and charged with breaking and entering, and then released on bond. While free on bond, he was arrested on an unrelated charge. He remained in jail until he was sentenced for the breaking and entering offense. The Court of Appeals credited Coyle's breaking and entering sentence with the time he served following his arrest on the unrelated offense.

It has been accurately observed, however, *Coyle, supra,* pp 649-650, that interpretations of the statute in the Court of Appeals have fallen into one of three general categories: the *liberal* approach that ordinarily affords credit for any presentence confinement served for whatever the reason, and whether related or unrelated to the crime for which the sentence in issue is imposed, *People v Chattaway,* 18 Mich App 538, 543; 171 NW2d 801 (1969); the *middle or intermediate* approach that asks the question whether the reason for the presentence confinement bears an "intimate and substantial relationship" to the offense for which the defendant was convicted and is seeking sentence credit, *People v Groeneveld,* 54 Mich App 424, 427-428; 221 NW2d 254 (1974); and the *strict* approach which limits credit to presentence confinement that results from the defendant's financial inability or unwillingness to post bond for the offense for which he has been convicted, *People v Finn,* 74 Mich App 580; 254 NW2d 585 (1977). Presumably, this last category would include instances in which the accused is denied bail under the provisions of art 1, § 15 of the Michigan Constitution.

The foregoing classifications are necessarily inexact, and some cases will present factual scenarios that do not fit precisely within any of the stated categories.

To repeat, the statute provides:

Whenever any person is hereafter convicted of any crime within this state and has served any time in jail prior to sentencing because of being denied or unable to furnish bond for the offense of which he is convicted, the trial court in imposing sentence shall specifically grant credit against the sentence for such time served in jail prior to sentencing.

The Court of Appeals has, at various times, postulated that the sentence credit statute was intended by the Legislature to put an accused who cannot post bond due to his indigency on an equal footing with his more affluent counterpart who can. See, *e.g., People v Davis,* 87 Mich App 72; 273 NW2d 591 (1978); *People v Andrews #1,* 52 Mich App 719; 218 NW2d 379 (1974); *People v Pruitt,* 23 Mich App 510, 513; 179 NW2d 22 (1970). The language of the statute, particularly the expression, "because of being denied or unable to furnish bond for the offense of which he is convicted," supports that interpretation.

In the early Court of Appeals decision in *Chattaway, supra,* the Court observed that the statutory language should be read as going much farther than merely equalizing the position of an impecunious defendant with that of his more affluent counterpart. In *Chattaway,* the defendant was arrested for two distinct and unrelated crimes. He was unable to post bond for the first crime. No bond was set for the second crime, apparently because, since the defendant was required to be confined for failure to post bond for the first crime, even if he had posted bond for the second, he would not be released from jail until he met the bonding requirements for the first. When the defendant pleaded guilty and was sentenced for the first crime, he was given credit in that case for all presentence confinement served. When, six weeks later, following his guilty plea, he was sentenced for the second crime, he was denied credit in that case for the previous time spent in confinement on the ground that full credit had been given in the first case for all time served up to the date of sentencing in that case, and that the time served thereafter was under the sentence for the first conviction. When the defendant appealed, seeking

credit once again in the second case for the time already credited in the first case, the prosecution argued that the defendant was not entitled to "duplicate" credit. That was the issue before the Court: Whether the defendant was entitled to be twice credited with the time previously spent in jail pending disposition of both charges.

The *Chattaway* Court stated that if the statute were not construed to entitle defendant to again be credited in the second case with the predisposition confinement time for which he was once already credited in the first case, the result "would chill exercise of the right to trial by an accused person who, like the defendant, faces more than one untried charge." 18 Mich App 542. Responding to the prosecutor's argument that the defendant in *Chattaway* had not served time in jail prior to sentencing for the second crime "because of being denied or unable to furnish bond for the offense of which he is convicted" [the second crime], but because he had not furnished bond on the unrelated first charge, the *Chattaway* Court stated:

> The statute does not make the convicted person's right to sentence credit dependent on the reason why bond was denied or, if bond is set, the reason why he was unable to furnish bond. The fact that the defendant may have been able to furnish bond in this case because even if he did so he might not have been released because of the pending charge in the other case and still other pending charges and related "holds" or may have been denied bond after he pled guilty because he had been sentenced in the other case does not change (it is merely an explanation of) the fact that the defendant was at first "unable" to furnish bond and later was "denied" bond in this case.

The Court concluded:

We hold that the statute entitles a convicted

person to sentence credit without regard to the reason why he was denied or unable to furnish bond. [*Chattaway,* 18 Mich App 542-543.]

There developed therefrom a line of cases espousing what has come to be called the "liberal" view, that a defendant who is unable to gain his freedom by posting bond for any reason, including reasons not related to his financial status and reasons unrelated to the case in which he is seeking credit, is nevertheless entitled to sentence credit in that case and, in a *Chattaway* situation, all other pending cases as well. *People v Parshay,* 104 Mich App 411; 304 NW2d 593 (1981); *People v Coyle, supra; People v Donkers,* 70 Mich App 692; 247 NW2d 330 (1976); *People v Parisi,* 46 Mich App 322; 208 NW2d 70 (1973), *rev'd on other grounds* 393 Mich 31; 222 NW2d 757 (1974); *People v Potts,* 46 Mich App 538; 208 NW2d 583 (1973); *People v Cohen,* 35 Mich App 706; 192 NW2d 652 (1971). See, *e.g., People v Nieto,* 122 Mich App 695; 333 NW2d 11 (1982); *People v Lewis,* 42 Mich App 121; 201 NW2d 341 (1972); *People v Dorsey,* 104 Mich App 528; 305 NW2d 257 (1981); *People v Andrews #1, supra,* at 726-727; *People v Haines,* 24 Mich App 240; 180 NW2d 107 (1970); *People v Hall,* 19 Mich App 95; 172 NW2d 473 (1969); *People v Chattaway, supra; People v Thomas,* 10 Mich App 693; 160 NW2d 382 (1968).

Included among the foregoing decisions are cases like the one before us in which a defendant is arrested and then released on bond in one case and then, pending disposition of that charge, is subsequently arrested and incarcerated as a result of unrelated charges brought in another case. See *Coyle, supra, Potts, supra,* and *Cohen, supra.* As indicated by the certification in this case, the

Court of Appeals is divided on whether a grant of sentence credit is required in such cases. In many of the cases in which credit has been granted without regard to whether the credited time was served for reasons having anything to do with the "offense of which [the defendant] is convicted," the Court of Appeals has afforded relief not because the language of the sentence credit statute commands it, but, following *Chattaway,* to avoid "unnecessary chilling of exercise of the right to trial," or to avoid losing "the benefit of [Michigan's] concurrent sentencing [law]." *People v Face,* 88 Mich App 435, 441; 276 NW2d 916 (1979).

Other panels of the Court of Appeals have denied credit on essentially the same facts, reasoning that the confinement in question was not occasioned by the inability to post bond for the offense "of which [the defendant] is convicted," but was occasioned by a second arrest made after the defendant had posted bond for the offense "of which the [defendant] is convicted." See *People v Finn, supra; People v Risher,* 78 Mich App 431; 260 NW2d 121 (1977). These cases have been characterized by some observers as decisions adopting the "strict" approach to application of the sentence credit statute.

Still other panels of the Court of Appeals have adopted what has been called the middle ground approach in which the time served in confinement for which credit is sought is not, strictly speaking, time served as a result of an inability to post bond for the offense for which the accused is convicted and seeks sentence credit, but is time served for reasons that " 'bear an intimate and substantial relationship to the crime for which such person is subsequently convicted.' " *People v Groeneveld, supra.* Such a case was *People v Tilliard,* 98 Mich App 17; 296 NW2d 180 (1980), where the defendant was charged with breaking and entering an

unoccupied dwelling house and was incarcerated for forty-eight days between the date of his arrest for the crime and the date of the arraignment. He remained in jail for an additional 112 days between the date of arraignment and the date of sentencing. At sentencing, the defendant was credited with the forty-eight days served between arrest and arraignment, but denied credit for the 112 days between arraignment and sentencing. The reason he had not been released at the time of arraignment, although a personal recognizance bond was set, was because a "hold" had been placed upon him by the Michigan Department of Corrections for a possible parole violation, since the offense for which he was arrested was committed while he was on parole. The *Tilliard* Court said that credit should have been granted to the defendant for the 112-day period because, although the confinement for that time was not directly related to his inability to post bond for the offense for which he was convicted (he was granted personal bond), "the parole violation[ ] [was] inextricably related" to the offense of which the accused was convicted.

We undertake to resolve the conflicting interpretations of the sentence credit statute by recalling that our role is not to determine whether we prefer to deal with the problem of presentence confinement liberally, conservatively, or in some intermediate fashion, or even to adopt a judicially preferred policy of fairness in the matter. The Legislature has made the policy decision, and our function is to apply it according to the language of the statute as that language enlightens us concerning the Legislature's intention.

## II

We have granted leave in this case not only to

resolve the dispute raised by the facts before us, but to attempt to resolve the conflicting views in the Court of Appeals concerning the manner in which the sentence credit statute will be applied in the countless cases not yet litigated upon myriad factual scenarios yet to develop. It is equally important that we provide some guidance for the trial bench, the bar, and the other constituencies for whom we write to assure, as nearly as possible, consistently correct application of the statute to cases presenting facts quite beyond our imagination today.

### A

We believe the sentence credit statute neither requires nor permits sentence credit in cases, such as the one before us, where a defendant is released on bond following entry of charges arising from one offense and, pending disposition of those charges, is subsequently incarcerated as a result of charges arising out of an unrelated offense or circumstance and then seeks credit in the former case for that latter period of confinement.

The legislative purpose in enacting a statute must be determined, primarily, from the language of the statute itself. *Jones v Grand Ledge Public Schools,* 349 Mich 1, 9; 84 NW2d 327 (1957).

While remedial statutes should be liberally construed, a "rule of liberal construction will not override other rules where its application would defeat the intention of the legislature or the evident meaning of an act." 3 Sands, Sutherland Statutory Construction (4th ed), § 60.01. We agree that the primary purpose of the sentence credit statute is to "equalize as far as possible the status of the indigent and less financially well-circumstanced accused with the status of the accused who can afford to furnish bail." *People v Pruitt,* 23 Mich App 510, 513; 179 NW2d 22 (1970).

The Legislature sought, in enacting the statute, to give a criminal defendant a right to credit for any presentence time served "for the offense of which he is convicted," and not upon any other conviction. Had the Legislature intended that convicted defendants be given sentence credit for all time served prior to sentencing day, regardless of the purpose for which the presentence confinement was served, it would not have conditioned and limited entitlement to credit to time served "for the offense of which [the defendant] is convicted."

It may be that for defendants who find themselves incarcerated for multiple unrelated offenses, one of the motivations to plead guilty to some of the charges is the desire to accelerate the imposition of sentence in order to benefit, as much as possible, from Michigan's concurrent sentencing law. But that ingredient of a given defendant's motivation derives from the peculiar facts with which the defendant facing multiple charges is confronted and not, we think, from limiting application of the sentence credit statute to those circumstances described by its terms. We think it is clear that the Legislature sought, by the statute, to give a criminal defendant a right to credit for any presentence time served upon "the offense of which he is convicted." Judicial obedience to the language of the legislation may, incidentally, indeed coincidentally, have the effect of motivating a defendant, who is charged with multiple offenses and who has posted bond for one offense and was released, but who is incarcerated for a second offense, to waive his right to trial and proceed to plead guilty in the first case in order to get the sentencing clock running on that conviction while awaiting final disposition of the offense for which he is denied bond, or final resolution of an unrelated "hold" or "detainer." However, that motiva-

tion does not change the language of the statute and should not be judicial excuse for applying the statute to situations to which it does not extend.

### B

In addition to urging upon us the "liberal" reading of the statute that began with *Chattaway,* the defendant argues that granting sentence credit in this case for the fifty-one days confinement served under sentence for the driving offense will "effectuate" this state's concurrent sentencing rule. The argument is that the defendant is denied the benefit of the Michigan concurrent sentence rule and effectively made to serve consecutive sentences for the two convictions involved here unless he is given credit in the case at bar for the fifty-one days confinement under the driving violation. Consecutive sentencing is forbidden in this state, except in circumstances not involved in this case.[3] *In re Carey,* 372 Mich 378; 126 NW2d 727 (1964).

The concurrent sentence rule does not affect whether the sentence credit the defendant seeks is granted or denied. The concurrent sentence rule is simply irrelevant to this case. The rule, as stated in *Carey, supra,* 372 Mich 380, is that "in the absence of statutory authority, a sentence may not be imposed to commence at the completion or expiration of another sentence." Applying the rule to that case, the *Carey* Court declared that sentences imposed for two state convictions while the defendant was serving a federal sentence could not be made to commence at the expiration of the federal sentence, but must commence on the date of imposition of the state sentences.

Plainly, that rule has no application here. Commencement of the sentence in this case was not

---

[3] MCL 768.7a *et seq.;* MSA 28.1030(1) *et seq.*

delayed until after the driving violation sentence was concluded. The sentence in this case was not imposed until well after the driving violation sentence was served, and it was made to commence on the date of its imposition, September 27, 1982, with credit given for all time previously served for *that* offense.

### C

In sum, we believe that in enacting the statute in question, the Legislature intended primarily to equalize the status of the defendants who, because of their inadequate financial resources, are "unable to furnish bond for the offense of which [they are] convicted," and those who are financially capable of posting bond, or are denied bond because they are charged with an offense for which there is no entitlement to bail. Const 1963, art 1, § 15.

### III

In the case before us, the defendant posted bond for the first two marijuana charges and was at liberty when he was arrested for the driving offense. He was again released on bond on that offense and was not again incarcerated until July 20, 1982, when he began to serve the ninety-day sentence for the traffic violation. He now seeks credit, in this case, for fifty-one days of the confinement he served under sentence for the driving offense. The statute grants no entitlement to such credit however, because the defendant did not serve that time because of his inability to post bond for the March 9, 1982, marijuana delivery offense of which he now stands convicted. Indeed, it was because he was free on bond for that offense that he was in a position to commit the driving offense. To attribute to the Legislature the inten-

tion that the defendant be given credit in this case for the fifty-one days served under the traffic sentence offense, committed while he was free on bond in this case, is to attribute to the Legislature an intent to afford a defendant a "free" misdemeanor—one for which no sentence of confinement need be or could be served.

We note that the Court of Appeals granted the defendant credit in this case for eighteen days served under the driving violation sentence between September 19, 1982, the date he was charged with the third marijuana delivery offense, and September 27, 1982, the date he pleaded guilty to the March 9, 1982, delivery charge—all time being served under the traffic conviction sentence and, therefore, unrelated to the offense for which he was convicted in this case. Because the prosecutor has not cross-appealed that portion of the Court of Appeals decision, we take no action with respect to that matter.

To be entitled to sentence credit for presentence time served, a defendant must have been incarcerated "for the offense of which he is convicted." Since the fifty-one days of incarceration for which the defendant seeks credit is unrelated to the offense before us for which he has been convicted, he is not entitled to sentence credit for that confinement.

The decision of the Court of Appeals is affirmed.

WILLIAMS, C.J., and BRICKLEY, BOYLE, and RILEY, JJ., concurred with RYAN, J.

LEVIN, J. (concurring). The question presented, as stated in the opinion of the Court, is whether defendant Joseph Eugene Prieskorn "is entitled to sentence credit in this case for time spent incarcerated under sentence for an unrelated offense *committed while he was free on bond* for the

offense for which he now seeks sentence credit."[1]
(Emphasis supplied.)

We agree with the reasoning of the opinion
insofar as it states that Prieskorn is not entitled to
sentence credit for time served for an offense
committed while he was free on bond: "To attrib-
ute to the Legislature the intention that the defen-
dant be given credit in this case for the fifty-one
days served under the traffic sentence offense,
committed while he was free on bond in this case,
is to attribute to the Legislature an intent to
afford a defendant a 'free' misdemeanor—one for
which no sentence of confinement need be or could
be served."[2] It is beyond the spirit and intendment
of the sentence credit statute to grant credit on a
felony sentence for time spent incarcerated for a
ninety-day misdemeanor that the defendant could
not have committed if he had not been free on
bond.

I

I do not agree with the opinion of the Court
insofar as it seeks to construe the sentence credit
statute as it has been applied by the Court of
Appeals in factual situations not now presented or
properly before us. It is not appropriate to seek to
enunciate a rule of law, in the words of the opin-
ion of the Court, to "be applied in the countless
cases not yet litigated upon myriad factual scenar-
ios yet to develop."[3] The common-law tradition,
both in the development of the common law and in
the construction of statutes, so many of which are
elaborations of practices and rules developed at
common law, is to decide only the case at hand.

[1] *Ante,* p 330.
[2] *Ante,* pp 343-344.
[3] *Ante,* p 340.

We are not omniscient. We cannot appropriately, on the basis of the facts of this case, enunciate a rule applicable, again in the words of the opinion of the Court, "to cases presenting facts quite beyond our imagination today."[4]

This Court recently reaffirmed its adherence to "the well-settled rule that statements concerning a principle of law not *essential* to determination of the case are obiter dictum and *lack the force of an adjudication, McNally v Wayne Co Canvassers,* 316 Mich 551; 25 NW2d 613 (1947)." (Emphasis supplied.) *Roberts v Auto-Owners Ins Co,* 422 Mich 594, 598; 374 NW2d 905 (1985).

To be sure, after *this Court* has considered a number of cases, it may attempt to state the principle or rule that has emerged in the decision of those cases. The opinion of the Court does not, however, explicate the decisions of this Court. There are three decisions of this Court which bear on the correct construction of the sentence credit statute, *People v Patterson,* 392 Mich 83; 219 NW2d 31 (1974), *Brinson v Genesee Circuit Judge,* 403 Mich 676; 272 NW2d 513 (1978), and *People v Gallagher,* 404 Mich 429; 273 NW2d 440 (1979), none of which are considered in the opinion of the Court.

## II

The asserted justification for a sweeping statement, going beyond what is necessary to decide this case, is that this Court granted leave to appeal in this case to resolve a conflict in the Court of Appeals, which certified that its decision in this case was in conflict with its decision in *People v Coyle,* 104 Mich App 636; 305 NW2d 275 (1981). There is, however, no conflict between *Prieskorn,*

---

[4] *Ante,* p 340.

where credit was denied for time served *on a sentence* for an offense committed while the defendant was at large on bail, and the granting of credit, in *Coyle,* for time spent in jail *awaiting trial.* The Court of Appeals has, in all reported opinions, consistently granted credit in all pending cases for time spent in jail awaiting trial preceding the first conviction and prison sentence without regard to whether the first conviction and prison sentence is (i) for an offense for which the defendant was at all times denied or unable to furnish bond, or (ii) for an offense for which he posted bond later, in effect, revoked when he was arrested for another offense committed before he was released on bond, or (iii) for another offense. There is no conflict in that regard to be resolved. See *People v Coyle, supra.*

There are three reported opinions in which the Court of Appeals has denied sentence credit. *People v Groeneveld,* 54 Mich App 424; 221 NW2d 254 (1974); *People v Finn,* 74 Mich App 580; 254 NW2d 585 (1977); *People v Risher,* 78 Mich App 431; 260 NW2d 121 (1977). In *Groeneveld,*[5] sentence credit was denied, not for time spent in jail, but for time in a state mental institution to which the defendant had, on his wife's petition, been committed while awaiting trial. In *Finn* and *Risher,* after the defendant had been released on bond in the case in which credit was sought, he was tried, convicted, and sentenced in another court (in another county in *Finn* and in a juvenile court in *Risher*) for another offense committed before he was released on bond; credit was denied on the sentence imposed for the offense for which the defendant

---

[5] While the defendant was confined in jail awaiting arraignment on a charge of felonious assault, the probate court, acting on his wife's petition to have him committed to a state mental institution, adjudged him mentally ill and ordered him so committed.

had been released on bond for the time spent serving the sentence imposed by the other court.

In *Coyle,* an opinion without known authorship, the Court of Appeals stated that there are three views of the correct construction of the statute: the liberal view, the middle view, and the strict view. This analysis ignores the factual differences between the cases. The cases cited in *Coyle* for the strict view are *Finn* and *Risher,* where credit was denied for time served on a sentence for another offense. The middle view is exemplified by *Groeneveld* where credit was denied for time spent in a state mental institution, not for time served in a jail or prison.

The labels "liberal," "middle," and "strict" ignore that all the reported decisions of the Court of Appeals can be readily reconciled except the decisions disagreeing on the question whether credit should be allowed for time served on a sentence for another offense in the circumstances of *Finn* and *Risher.*[6]

## III

The sentence credit statute provides:

---

[6] While the conflict certified by the Court of Appeals is nonexistent, there is a conflict in the Court of Appeals between the decisions in *Finn* and *Risher, supra,* and the decision in *People v Cohen,* 35 Mich App 706; 192 NW2d 652 (1971), on the question whether credit should be allowed where, after the defendant has been released on bond in the case in which credit is sought, he is arrested and confined and then tried, convicted, and sentenced for another offense committed before he was released on bond.

*Finn* and *Risher* are somewhat analogous to the instant case because there, as here, credit was denied for time spent serving a sentence imposed after the defendant was released on bond. *Finn* and *Risher* concerned, however, offenses committed before the defendant was released on bond. It is not necessary in order to decide this case, where the offense was committed after the defendant was released on bond, to decide whether sentence credit was properly denied in *Finn* and *Risher* where, after the defendant was released on bond he was arrested and confined and then tried, convicted, and sentenced for another offense committed *before* he was released on bond.

Whenever any person is hereafter convicted of any crime within this state and has served any time in jail prior to sentencing because of being denied or unable to furnish bond for the offense of which he is convicted, the trial court in imposing sentence shall specifically grant credit against the sentence for such time served in jail prior to sentencing. [MCL 769.11b; MSA 28.1083(2).]

No disagreement has arisen in the administration of this statute where the defendant is charged with committing only one offense. If he is released on bail and remains at large until sentencing, he has not "served any time in jail prior to sentencing." If bond is denied or he is unable to furnish bond, then, again, because there is only one offense, he clearly is entitled to credit on the sentence imposed "for the offense of which he is convicted."[7] If bond is set and the defendant is released on bond, and, for whatever reason, the Court were to revoke the bond and defendant is thereafter confined before trial, conviction, and sentence, he would, beginning with his confinement, clearly have served "time in jail prior to sentencing because of being denied or unable to furnish bond" for the only offense of which he is convicted.

Nor is there any disagreement in the Court of Appeals where the defendant is charged with multiple offenses, arising out of the same or different transactions, and is denied or unable to furnish bond for the first offense for which he was arrested. In such a case, because he is perforce denied or unable to furnish bond for all the offenses of which he might be convicted, he is entitled

---

[7] See *People v Haines,* 24 Mich App 240; 180 NW2d 107 (1970); *People v Tilliard,* 98 Mich App 17; 296 NW2d 180 (1980); *People v Hall,* 19 Mich App 95; 172 NW2d 473 (1969).

to credit on sentences imposed for all the offenses of which he is eventually convicted and sentenced.[8]

It should be noted that whenever a defendant is denied or unable to furnish bond on the first arrest for multiple offenses and he is confined awaiting trial for all the multiple offenses and thus becomes entitled to credit on all the sentences imposed for all the offenses of which he might be convicted he receives double credit if he is sentenced on two pending cases and quintuple credit if he is sentenced on five pending cases. The Court of Appeals construction of the statute, allowing the defendant multiple credit on all pending offenses, is consistent with the general rule (see Part IV) that all sentences run concurrently.

Nor has there been disagreement where the defendant is convicted and sentenced for an offense and thereafter is arrested for another offense and is denied bond because he is then serving another sentence.[9] Clearly he was denied bond and confined awaiting trial for the offense of which he is, following such arrest, convicted.

There has, however, been controversy where there are multiple offenses, the defendant posts

[8] See *People v Donkers,* 70 Mich App 692; 247 NW2d 330 (1976), discussed in *People v Finn,* 74 Mich App 580; 254 NW2d 585 (1977). The Court in *Finn* distinguished *Donkers* on the ground that in *Donkers* the defendant was arrested while confined in jail for another "unrelated offense," and thus "was unable to furnish bond."

Suppose a defendant is arrested on two "unrelated" breaking and entering or robbery charges in one jurisdiction and then on two "unrelated" breaking and entering or robbery charges in another jurisdiction, and is confined at all times because he was denied or was unable to furnish bond. Clearly, he is entitled to credit for all time spent in confinement on any sentence imposed on any of the four offenses—there is no basis to pick and choose between the offenses in "awarding" the credit—until at least he is sentenced on one of the offenses. Nor is there anything in the language, history, or purpose of the statute that indicates that credit is to be denied in cases yet untried for time spent in confinement after sentence on one of the offenses.

[9] Cf. *People v Tilliard,* n 7 *supra.*

bond, as here, on one offense and is subsequently arrested and confined on another offense—thus, arguably in effect, revoking the bond granted on the first offense.

If, when the defendant is subsequently arrested and confined on another offense, the judge were to enter an order, as in *People v Potts,* 46 Mich App 538, 550; 208 NW2d 583 (1973), revoking the bond set on the first offense, it would be clear that he had then been thereafter denied bond for the first offense.

A cautious lawyer representing a defendant might be well advised to seek a formal order revoking a bond on which his client was released when he is subsequently arrested and confined for another offense. Upon entry of such an order, it would, I think, be indisputable that the defendant had then been denied bond for the offense from and after the date of revocation even though he was once at liberty for that offense, just the same as if the judge had for some other reason revoked the bond. Although no such formal order of revocation is generally sought or entered when the defendant is subsequently confined on another offense, it is questionable whether the failure to obtain entry of such an order should be decisive.

IV

The three decisions of this Court, *Patterson, Brinson,* and *Gallagher,* should be considered before any further pronouncement by the Court.

In *Patterson,* the defendant stabbed another inmate in the prison where they were confined and was sentenced to serve a term of imprisonment commencing at the expiration of the sentence he was serving at the time of the stabbing. A statute provides that the judge may, in his discretion,

impose a consecutive sentence where the offense is committed while the offender is incarcerated in a penal institution.[10] This Court held that the defendant was not entitled to credit on the sentence imposed for the offense committed in prison for the time spent in prison between his arraignment and conviction of that offense even though the sentence credit statute literally provides for credit in all cases where a person is "denied or unable to furnish bond for the offense of which he is convicted,"[11] because to grant credit would defeat the purpose of the statute authorizing a trial judge to impose a consecutive sentence where the offense is committed while the defendant is in prison.

In *Brinson,* the defendant absconded while on bond awaiting trial on false pretense charges. He was arrested in Pennsylvania and spent thirty-eight days in Pennsylvania jails awaiting extradition. This Court held, pursuant to *Patterson,* that Brinson was not entitled to credit on the absconding sentence either for time spent in a Michigan jail after his extradition from Pennsylvania until his conviction on the false pretense charges or for time served following his conviction on the false pretense charges, but that he was entitled to credit for the thirty-eight days spent in Pennsylvania jails for which he had not received credit against the false pretenses sentences.[12] This Court said:

> The statute mandates the grant of credit in appropriate circumstances and *is to be read to benefit defendants, People v Havey,* 11 Mich App 69, 82; 160 NW2d 629 (1968), unless the intent of a consecutive sentencing statute would be frustrated

---

[10] MCL 768.7a; MSA 28.1030(1).

[11] MCL 769.11b; MSA 28.1083(2).

[12] Brinson received credit, however, against the false pretense charges for the time he spent in jail after his extradition from Pennsylvania until his conviction on those charges.

by such a reading, *Patterson, supra.*[13] [Emphasis supplied.]

In *Gallagher,* the defendant was convicted of receiving and concealing stolen property. An appeal bond was granted. While on bond, he was confined in the Detroit House of Correction on an unrelated state conviction and in a federal prison for income tax violations. The judge granted credit for time served on the other state conviction, but denied credit for time served on the federal conviction. This Court held that the defendant was entitled to credit for time served on the federal conviction.[14]

In both *Gallagher* and the instant case, and also

---

[13] This Court further said:

"Under *Patterson, supra,* plaintiff has no claim to credit [on the absconding charge] for time spent in confinement because of his March 22, 1974 conviction on the false pretenses charges. The sentence for absconding on bond runs consecutively to the sentences Brinson received upon his false pretense convictions. A grant of credit would defeat the legislative intent that the subsequent and consecutive sentence be served after completion of the prior sentence. *Patterson, supra.*

\* \* \*

"Time served [in Pennsylvania while awaiting extradition] cannot be denied plaintiff under the *Patterson* holding, because it is not time he was 'already obliged to serve under his prior sentence.' *Patterson, supra,* 90. He had not yet been convicted of either conspiracy to obtain or obtaining money under false pretenses. Moreover, he has not yet received credit for any time spent in a Pennsylvania jail." *Brinson, supra* at 686-687.

[14] This Court said:

"The rule in Michigan is that a sentence may not be imposed to commence at the completion of another sentence in the absence of statutory authority. *In re Carey,* 372 Mich 378; 126 NW2d 727 (1964). In that case, the defendant had been sentenced to 5 years imprisonment for a Federal offense four days before he was sentenced to serve 3 to 14 years on a state conviction. After noting that two *state* prison terms would run concurrently, it was held that the defendant should receive credit for the time served in Federal prison:

" 'A defendant who is sentenced in a State court after receiving sentence in a Federal court is subject to the same "undefined and uncertain contingencies" about when State sentence begins, as he is in the case of 2 or more State sentences. The reason for the rule aptly applies in both types of cases. Therefore, we hold that where a

in *Finn* and *Risher,* the defendants had been
released on bond and subsequently were sentenced
to serve time on unrelated charges in state or
federal prison, and served the sentence imposed
while they otherwise would have been at large on
bond in the case in which credit was sought. The
only difference between *Gallagher, Finn,* and
*Risher,* and the instant case, is that in *Gallagher*
the defendant had been convicted and hence, but
for the appeal bond, would be serving the sen-
tence, while in *Finn* and *Risher* and in the instant
case, he had not, when he began to serve the
sentence, yet been convicted and sentenced in the
case in which credit was sought.

While *Gallagher* did not involve the sentence
credit statute, because there the defendant had
already been convicted and sentenced in the case
in which credit was sought, the principle underly-
ing the decision in *Gallagher*—that all sentences
in Michigan run concurrently—is arguably appli-
cable, and arguably should be taken into account
and reflected in the construction of the sentence
credit statute where the defendant is awaiting
trial as well as when he has been sentenced.[15]

---

defendant has been sentenced in Federal court, and is subsequently
sentenced in a State court or courts, sentence may not be imposed to
commence at the completion or expiration of Federal sentence, in the
absence of statutory authority.' *In re Carey, supra,* 381.

"The people contend that *Carey* is distinguishable because the sen-
tencing for the Federal offense occurred before the state sentencing.
Here, the defendant was sentenced on the Federal offense after the
state sentencing.

"We do not find these differences in the order of sentencing to be
controlling when the actual imprisonment on the Federal conviction
began before imprisonment on the state conviction. In such a case, a
defendant is subject to the same uncertain contingencies about when
the state sentence will begin. The defendant is entitled to credit for
time served on the Federal conviction. Pursuant to GCR 1963,
865.1(7), the defendant's sentence is amended to grant him credit for
the time served in Federal prison." (Emphasis in original.) *Gallagher,
supra* at 439-440.

[15] The sentence credit question more often than not does not arise

In *Patterson,* this Court, in departing from a literal reading of the sentence credit statute to deny credit where a consecutive sentence had been imposed, observed that to adopt the defendant's view might mean that because of delay in the trial date he would not be required to serve any time on the consecutive sentence. Similarly, it might be argued that a defendant should not be denied credit because of delay in trying the case in which credit is sought.[16]

because sentences run concurrently and the prosecutor tends to try the most serious charge and to dismiss a less serious charge upon conviction and sentence. For example, suppose the defendant is given an appearance ticket for shoplifting (a ninety-day offense) and is released on a personal bond. He then is arrested for a breaking and entering committed before the shoplifting and is confined because he is unable to post ten percent of the $2,500 bond that is set and there is no overcrowding that week. One hundred days later he is sentenced to one to ten years on the breaking and entering. Since he has already served one hundred days, he will receive credit for the one hundred days. It is of little importance, unless there is undue delay in trying the shoplifting charge, whether that charge is dismissed or he is convicted and sentenced to even ninety days; because the sentences run concurrently, he will in all events serve no more than one year less one hundred days.

[16] In the instant case, the sentence credit consequence to Prieskorn should be the same whether he pled guilty to or was convicted following a trial of the first marijuana charge—this was the charge for which he was for a time released on bond and to which he later pled guilty—or the third marijuana charge—the charge for which he was unable to furnish bond and which was dismissed when he was sentenced on the first marijuana charge. See *People v Face,* 88 Mich App 435, 441; 276 NW2d 916 (1979); *People v Coyle,* 104 Mich App 636, 644-650; 305 NW2d 275 (1981).

In *People v Davis,* 87 Mich App 72, 74; 273 NW2d 591 (1978), the defendant pled guilty to armed robbery, and other pending charges were dismissed. Credit was given by the trial court for time served on the armed robbery charge, but not for time served on the other charges which were dismissed. In awarding sentence credit, the Court of Appeals said:

"A defendant arrested on numerous charges who posts bond on all the charges and subsequently pleads guilty to one charge in return for a dismissal of the rest receives no punishment on the dismissed charges. Consequently, in accordance with the purpose behind the jail credit statute, a defendant similarly situated except for his inability to post bond must also suffer no punishment on the dismissed charges. Since he has already served time on these charges, the only way he can again be placed on an equal footing with his counterpart

V

In *Finn,* the Court of Appeals said that its decision in *People v Donkers,* 70 Mich App 692; 247 NW2d 330 (1976), where credit was granted, was factually distinguishable because there the defendant was in jail serving a sentence when he was arrested on the charge for which credit was sought:

> The distinguishing features between *Donkers* and the case at bar are obvious. In *Donkers* the defendant was arrested while in jail as a result of a previous conviction for an unrelated offense. Hence he was unable to furnish bond. [*Finn, supra* at 582.]

Under this reasoning, apparently adopted in the obiter dictum of the opinion of the Court, if a defendant is denied bond on a charge and subsequently, while in jail, is arrested on another charge and sentenced to serve time. in prison before he is convicted and sentenced on the charge for which he was first arrested, he would be entitled to credit in both cases for the pretrial time and in the first case for the time *served* on the sentence imposed on the second charge.[17]

is to be given credit for the time served on all the charges encompassed by the guilty plea, including those which were dismissed."

[17] In that construction of the statute, a person who is released on bond, for perhaps only a short time, who then is arrested on another charge (the bond on the first charge being in effect revoked), may be denied credit for a substantial period of time spent in jail in pretrial confinement and in prison in post-sentence confinement for which he would have received credit if he had not been free for a short time.

Prieskorn was released on bond April 10 and arrested two months, ten days later, June 20, for driving on a revoked license. It was five months later, November 22, that he was sentenced on the charge for which he was released on bond. While I agree that Prieskorn was properly denied credit for time served on the driving on revoked license offense, because that offense was committed after he was released on bond, I would not agree that he should be denied credit in

If a defendant who is able to post bond on the charge for which he is first arrested is henceforth to be denied credit for time served in respect to another offense for which he is, while free on bond, subsequently arrested, and the impecunious defendant unable to post bond on the first arrest receives credit for time served after the second arrest on both charges, then the impecunious defendant, as to the time following the second arrest, receives greater credit than the defendant able to post bond who loses his freedom following the second arrest. Since the amount of bond generally reflects the seriousness of the offense and the prior record of the offender, the tendency of such a construction of the sentence credit statute would be to grant more sentence credit to high risk offenders than to low risk offenders.

If, as the opinion of the Court declares, the purpose of the sentence credit statute is primarily to equalize the treatment accorded the impecunious defendant, then it might be argued that credit should be denied an impecunious defendant in those situations where credit is denied a person who is able to post bond—adoption of that argument would be to turn a full circle, but that is where the obiter dictum in the opinion of the Court might lead us.

## VI

I agree with the opinion of the Court that where a defendant finds himself confined on multiple charges (and, indeed, also when he is confined on a single charge) he is entitled to credit, under the terms of the statute, only for time spent in jail

the instant case for time served after arrest for, or ninety-day sentence on, the revoked license offense because he was free on bond for two months, ten days of the seven months, twelve days between arrest and sentencing in the instant case.

prior to sentencing because of being denied or unable to furnish bond "for the offense of which he is convicted." I also agree that our function is to apply the statute "according to the language of the statute as that language enlightens us concerning the Legislature's intention."[18] I further agree that "[j]udicial obedience to the language of the legislation" is required, and that there is no "judicial excuse for applying the statute to situations to which it does not extend."[19]

The opinion of the Court, while touching those bases, would add, as part of the obiter dictum of that opinion, qualifications to the statutory language not there stated:

(i) and not for time served "upon any other conviction";[20]

(ii) not for time served on a charge "arising out of an unrelated offense or circumstance."[21]

These qualifications apparently apply only "where a defendant is released on bond following entry of charges arising from one offense and, pending disposition of those charges, is subsequently incarcerated as a result of"[22] other charges; thus these qualifications do not appear to apply to multiple offenses where the defendant is confined at all times following his first arrest.

Where there are multiple offenses, and the defendant is released on bond on the first arrest, a subsequent arrest on another offense and the resulting confinement for the offense for which he was first arrested is apparently regarded, following conviction of and sentence for the other offense (if this precedes conviction of and sentence for the

[18] *Ante,* p 339.
[19] *Ante,* pp 341, 342.
[20] *Ante,* p 341.
[21] *Ante,* p 340.
[22] *Ante,* p 340.

offense for which he was first arrested) as confinement on an "other conviction," unless the offenses or circumstances are "related."

The opinion does not state when offenses or circumstances are "related" and when they are "unrelated." Perhaps what is meant is that offenses arising out of the same transaction are related and those that do not are unrelated. Be that as it may, there is nothing in the language, history, or apparent purpose of the statute that justifies a distinction, for sentence credit purposes, between a defendant detained on two or more offenses arising out of the same transaction and a defendant detained on two or more offenses arising out of separate transactions.

Nor does it appear, in the language, history, or apparent purpose of the statute, that a defendant who has *in fact* "served any time in jail prior to sentencing because of being denied or unable to furnish bond for the offense of which he is convicted" is to be denied sentence credit for time served awaiting trial for the offense of which he is convicted after sentence upon an "other conviction" because he was then and thereafter at the same time serving a sentence upon the "other conviction."

Nor does the language, history, or apparent purpose of the statute support the somewhat oblique suggestion in the opinion that the words "unable to furnish bond" should be limited so as "primarily" to include defendants unable to do so "because of their inadequate financial resources."[23]

In still further obiter dictum, the opinion boldly defines the term "denied," in the phrase "denied or unable to furnish bond," so as to possibly limit that term to situations where bond is denied pursuant to the requirements of Const 1963, art 1,

[23] *Ante,* p 343.

§ 15.[24] This ignores that when the sentence credit statute was added by 1965 PA 73, § 15 excepted from entitlement to bond only persons charged with murder or treason when the proof is evident or the presumption great. Such persons would receive little benefit from a sentence credit statute. It was not until the 1978 amendment of § 15 that entitlement to bond was limited for some persons charged with violent felonies and certain other offenses other than murder or treason. Once again, there is nothing in the language, history, or apparent purpose of the statute which justifies reading into it this suggested limitation.

Suppose that a defendant, while serving a sentence for one offense is arrested for another offense and the judge provides that the defendant may be released on his personal recognizance,[25] but, because he is still serving the other sentence, he remains in confinement. Although the defendant was not by reason of "inadequate financial resources" "unable to furnish bond for the offense of which he is convicted," he nevertheless was unable to do so.

Reading the words of the statute literally, a defendant is "denied or unable to furnish bond for the offense of which he is convicted" for whatever period of time he is unable to obtain his freedom and thereby avoid serving "time in jail prior to sentencing" without regard to whether there is more than one reason that explains, or also explains, why the justice system detains him. Under

---

[24] *Id.*

[25] This was essentially the situation in *People v Tilliard,* n 7 *supra,* where the Court said that the judge set "a personal recognizance bond for the present breaking and entering charge but [the defendant] was 'unable to furnish bond' within the meaning of the statute because of a Michigan Department of Corrections detainer" for possible parole violation stemming from the charged breaking and entering offense, and where the Court ordered credit for the 112 days between arraignment and sentencing on the breaking and entering offense.

the language of the statute, it is enough that the defendant served "time in jail prior to sentencing because of being denied or unable to furnish bond for the offense of which he is convicted" for whatever period of time he was so denied his freedom by any component of the justice system that would not allow him to be at large on whatever bond that may have been set.

The several qualifications proposed to be added by the opinion of the Court—"any other conviction," "related" and "unrelated" offense or circumstances, "inadequate financial resources," denied "[pursuant] to Const 1963, art 1, § 15"—underscore that the opinion of the Court would by judicial construction add words to the statute not there stated.

The qualifications read into the statute in the name of "judicial obedience to the language" of the statute are without support in either the language or in the history or apparent purpose of the statute.[26]

---

[26] The opinion of the Court states:

(a) "and the *strict* approach which limits credit to presentence confinement that results from the defendant's financial inability or unwillingness to post bond for the offense for which he has been convicted, *People v Finn*, 74 Mich App 580; 254 NW2d 585 (1977). Presumably, this last category would include instances in which the accused is denied bail under the provisions of art 1, § 15 of the Michigan Constitution." *Ante*, p 334.

There is not a word in *Finn* about either "financial inability" or "unwillingness to post bond." On the contrary, *Finn* distinguished *Donkers* on the following basis:

"In *Donkers* the defendant was arrested while in jail as a result of a previous conviction for an unrelated offense. Hence he was unable to furnish bond. In the present case defendant did in fact post bond for the offense for which he was ultimately convicted and thereafter, while free on bond, went to jail on an unrelated charge in another county." *People v Finn, supra* at 582.

Under *Finn* and *Donkers,* sentence credit would not be limited to situations where the defendant is financially unable or unwilling to post bond or denied bail pursuant to the constitutional provision, and a person would be regarded as "unable to furnish bond" when confined in jail serving a sentence as a result of a previous conviction for an unrelated offense.

## VII

In sum, this Court should defer, until we receive an application for leave to appeal in a case presenting the issue, intimation of an opinion on the

(b) "The Court of Appeals has, at various times, postulated that the sentence credit statute was intended by the Legislature to put an accused who cannot post bond due to his indigency on an equal footing with his more affluent counterpart who can. See, *e.g., People v Davis,* 87 Mich App 72; 273 NW2d 591 (1978); *People v Andrews #1,* 52 Mich App 719; 218 NW2d 379 (1974); *People v Pruitt,* 23 Mich App 510, 513; 179 NW2d 22 (1970)." *Ante,* pp 334-335.

*Pruitt,* the first of the three cited cases to be decided, stated only:

"*One* manifest legislative intent of the credit-granting statute was to equalize as far as possible the status of the indigent and the less financially well-circumstanced accused with the status of the accused who can afford to furnish bail." (Emphasis added.) *People v Pruitt, supra* at 513.

This by no means suggests that that was the only legislative purpose.

*Andrews,* the second of the three cases to be decided, similarly stated:

"Its purpose, *usually,* is to put an accused who cannot post bail due to his indigency on an equal status with his counterpart who can." (Emphasis added.) *People v Andrews, supra* at 726.

*Davis* merely quoted from *Andrews* and cited *Pruitt.*

(c) "Included among the foregoing decisions are cases like the one before us in which a defendant is arrested and then released on bond in one case and then, pending disposition of that charge, is subsequently arrested and incarcerated as a result of unrelated charges brought in another case. See *Coyle, supra, Potts, supra,* and *Cohen, supra." Ante,* p 337.

None of the "foregoing decisions are cases like" this one because in none of those decisions was credit denied, as it was here, for time served on a sentence, and in none of those decisions was the offense, in the case in which credit is sought, committed while the defendant was at large on bail.

(d) "Other panels of the Court of Appeals have denied credit on essentially the same facts, reasoning that the confinement in question was not occasioned by the inability to post bond for the offense 'of which [the defendant] is convicted,' but was occasioned by a second arrest made after the defendant had posted bond for the offense 'of which the [defendant] is convicted.' See *People v Finn, supra; People v Risher,* 78 Mich App 431; 260 NW2d 121 (1977). These cases have been characterized by some observers as decisions adopting the 'strict' approach to application of the sentence credit statute." *Ante,* p 338.

As elsewhere noted in this opinion, the facts in *Finn* and *Risher* are not "essentially the same facts" as those in the cases dealt with in the other "foregoing decisions" of the Court of Appeals because in *Finn* and *Risher* alone credit was denied for time served on a *sentence.*

correct construction of the sentence credit statute where credit is sought for time served on another offense where the defendant was free on bond when arrested for the other offense and the other offense was committed *before* he was released on bond, and consideration of whether the *Finn/Risher* construction can be reconciled, in principle, with this Court's decision in *Gallagher;* and if it can, and the *Finn/Risher* construction is adopted, whether this means that credit should also be denied for time served on another sentence in a case where the defendant was at all times denied or unable to furnish bond although the statute in terms requires credit in such a case.

CAVANAGH, J. I concur only in the first two paragraphs preceding part I, but intimate no opinion on the other reasoning or analysis of the opinion of the Court.