*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

SHAUNTAE DEVON HILL, JR.,

Defendant-Appellant.

UNPUBLISHED
March 10, 2020

No. 347956
Berrien Circuit Court
LC No. 2017-003497-FC

Before: MURRAY, C.J., and METER and K. F. KELLY, JJ.

PER CURIAM.

Defendant appeals by delayed leave granted[1] his guilty plea to manslaughter, MCL 750.321, and armed robbery, MCL 750.529. The trial court sentenced defendant to 10 to 15 years' imprisonment for manslaughter, and 13 to 50 years' imprisonment for armed robbery, to be served concurrently, with credit for 224 days served. We affirm.

This case arose from an armed robbery that led to the victim's death. Defendant admitted that he participated in robbing the victim with a group of men, knowing that one of the men was carrying a gun, and that one of the other men shot and killed the victim. According to the Presentence Investigation Report (PSIR), defendant was arrested on August 24, 2017, and charged in relation to this incident. While incarcerated, defendant was sentenced to imprisonment for an unrelated conviction of assault with a dangerous weapon (AWDW), and served that sentence from November 20, 2017, to July 2, 2018.

On August 28, 2018, defendant pleaded guilty to voluntary manslaughter and armed robbery as an aider and abettor. At the sentencing hearing, defendant objected to the calculation of his jail credit, arguing that he was entitled to 448 days of credit instead of 224 days. Before sentencing, defendant was incarcerated for 448 days from the time that he was arrested on August 24, 2017, until November 15, 2016. However, as the prosecutor stated at the sentencing hearing,

---

[1] *People v Hill*, unpublished order of the Court of Appeals, entered April 12, 2019 (Docket No. 347956).

defendant was serving a sentence on a separate charge for 224 days of his 448-day incarceration. The trial court cited *People v Prieskorn*, 424 Mich 327, 381 NW2d 646 (1985), for the position that defendant could not receive credit for the time he was incarcerated while serving his sentence on the unrelated matter. Therefore, the trial court gave defendant 224 days of jail credit after deducting the 224 days that defendant served for his sentence on the AWDW conviction.

Defendant argues that the trial court erred by only giving him credit for 224 days served when he was entitled to 448 days of jail credit for his incarceration from the time of his arrest to sentencing.

"Whether a defendant is entitled to credit for time served in jail before sentencing is a question of law that [this Court] review[s] de novo." *People v Armisted*, 295 Mich App 32, 49; 811 NW2d 47 (2011). Michigan's jail credit statute, MCL 769.11b, provides as follows:

> Whenever any person is hereafter convicted of any crime within this state and has served any time in jail prior to sentencing because of being denied or unable to furnish bond for the offense of which he is convicted, the trial court in imposing sentence shall specifically grant credit against the sentence for such time served in jail prior to sentencing.

In *Prieskorn*, the Michigan Supreme Court analyzed the jail credit statute, and determined that it provides "a criminal defendant a right to credit for any presentence time served 'for the offense of which he is convicted,' and not upon any other conviction." *Prieskorn*, 424 Mich at 341, quoting MCL 769.11b. The *Prieskorn* Court reasoned that

> [h]ad the Legislature intended that convicted defendants be given sentence credit for all time served prior to sentencing day, regardless of the purpose for which the presentence confinement was served, it would not have conditioned and limited entitlement to credit to time served "for the offense of which [the defendant] is convicted." [*Id.*, quoting MCL 769.11b (alternation in original).]

In other words, a defendant is only entitled to jail credit if his presentence time served was not related to any other, unrelated conviction. See *id.*

Under *Prieskorn*, defendant was not entitled to jail credit for the 224 days he spent serving his unrelated AWDW conviction. See *id.* Therefore, the trial court did not err by providing defendant with 224 days of jail credit after deducting the 224 days that he served for his AWDW conviction from the total days that defendant had been incarcerated since his arrest. See also, *People v Givans*, 227 Mich App 113, 124-126; 575 NW2d 84 (1997) (defendant was not entitled to jail credit for time served for a separate conviction).

Alternatively, defendant cursorily argues that even if he is not entitled to the additional 224 days under the jail credit statute, due process and fundamental fairness require an additional 224 days of jail credit to be awarded as a remedy for the delay in bringing this case to a conclusion because the delay resulted in defendant's concurrent sentence becoming a partial consecutive sentence.

Although due process and fundamental fairness can be employed to protect against arbitrary and vindictive use of the law, see *Rogers v Tennessee*, 532 US 451, 460; 121 S Ct 1693; 149 L Ed 2d 697 (2001), defendant failed to demonstrate how the law was applied arbitrarily or vindictively in this case. At times a prosecution may "frustrate [Michigan's] concurrent sentencing rule and maximize a defendant's time in prison by simply waiting until one sentence is nearly served before taking steps toward his prosecution for the other offense," *People v Adkins*, 433 Mich 732, 749; 449 NW2d 400 (1989), but here, defendant admitted that the delay was not necessarily the fault of the prosecutor. When a delay was not caused by prosecutorial misconduct, the unrelated sentences may be served consecutively without frustrating Michigan's concurrent sentencing rule because "the concurrent sentence rule 'does not affect whether the sentence credit the defendant seeks is granted or denied. The concurrent sentence rule is simply irrelevant' " to such a case. *Adkins*, 433 Mich at 749, quoting *Prieskorn*, 424 Mich at 342.

Affirmed.


/s/ Christopher M. Murray
/s/ Patrick M. Meter
/s/ Kirsten Frank Kelly