PEOPLE v McKNIGHT

Docket No. 98176. Submitted September 15, 1987, at Grand Rapids.
    Decided December 8, 1987.

Anthony Q. McKnight, who was charged in the Kent Circuit
    Court with six unrelated criminal offenses, with all offenses
    after the first allegedly committed while out on bond, accepted
    a plea bargain. In exchange for pleading guilty to the first and
    sixth charges, both of which were for larceny from a building,
    and an additional habitual offender, second offense, charge, the
    other four charges were dismissed. Roman J. Snow, J., who
    accepted defendant's plea on the first charge and the habitual
    offender charge, allowed credit on the sentence he imposed for
    the two days defendant was incarcerated while unable to post
    bond after the first arrest. Defendant pled guilty to the sixth
    charge before another judge. On appeal, defendant claims he is
    entitled to additional credit of ninety-six days against Judge
    Snow's sentence under the sentence credit statute for sixteen
    days served after his fourth arrest and eighty days served from
    the time of the fifth and sixth arrests to the time of sentencing.

    The Court of Appeals *held:*

    Credit under the sentence credit statute is limited to situa-
    tions where a defendant is held in custody because of being
    denied or unable to furnish bond for the offense of which he is
    convicted. Sentence credit is neither required nor permitted
    where a defendant, who is released on bond pending disposition
    of a charge and who is subsequently incarcerated as a result of
    charges arising out of an offense or circumstance unrelated to
    the original charge, seeks credit upon sentencing for the origi-
    nal offense for time spent in incarceration for the unrelated
    offense.

    Affirmed.

CRIMINAL LAW — SENTENCING — SENTENCE CREDIT — UNRELATED
    OFFENSES — BAIL.

    Sentence credit is neither required nor permitted where a defen-

REFERENCES

Am Jur 2d, Criminal Law §§ 546-549, 621.
Right to credit for time spent in custody prior to trial or sentence.
    77 ALR3d 182.

dant, who is released on bond pending disposition of a charge and who is subsequently incarcerated as a result of charges arising out of an offense or circumstance unrelated to the original charge, seeks credit upon sentencing for the original offense for the time spent in incarceration for the unrelated offense (MCL 761.11b; MSA 28.1083[2]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William A. Forsyth,* Prosecuting Attorney, and *Carol K. Bucher,* Assistant Prosecuting Attorney, for the people.

*Visser & Bolhouse* (by *Timothy R. Newhouse*), for defendant.

Before: MacKenzie, P.J., and D. E. Holbrook, Jr., and G. R. McDonald, JJ.

Per Curiam. Defendant was charged with six unrelated criminal offenses during the period from September 30, 1985, to April 14, 1986. Nearly contemporaneous with each of the first three arrests, defendant was released after posting bond, being confined in the county jail on the first occasion from September 30, 1985, until October 1, 1985. Defendant's fourth arrest, occurring on February 20, 1986, resulted in his incarceration for sixteen days following the arrest. On April 14, 1986, defendant was arrested for his fifth and sixth offenses. Unable to post bail, defendant was not released from incarceration. Pursuant to a plea bargain, defendant pled guilty on May 15, 1986, to larceny in a building, MCL 750.360; MSA 28.592, on both the first and sixth offenses, and charges relating to the other four offenses were dismissed. Additionally, defendant pled guilty to being a second-felony offender. MCL 769.10; MSA 28.1082. On July 3, 1986, defendant was sentenced for his plea-based conviction on the first offense to a

prison term of two years, six months to six years, with credit given for time served prior to release on October 1, 1985 (which was stated by the sentencing judge to amount to two days). Also on July 3, 1986, defendant was sentenced before a different judge on the sixth offense to a prison term of two years, six months to six years, with credit given for eighty days served from the date of the April 14, 1986, arrest to the date of sentencing. Defendant now appeals from the first sentence as of right. We affirm.

Defendant argues that he should have been given credit against his sentence on the first offense for a total of ninety-six additional days—sixteen days served immediately after his fourth arrest and eighty days served from the April 14, 1986, arrest until sentencing. We conclude that the sentencing court's denial of credit for both periods was proper.

In *People v Prieskorn,* 424 Mich 327, 340; 381 NW2d 646 (1985), the holding was summarized as follows:

> We believe the sentence credit statute [MCL 769.11b; MSA 28.1083(2)] neither requires nor permits sentence credit in cases, such as the one before us, where a defendant is released on bond following entry of charges arising from one offense and, pending disposition of those charges, is subsequently incarcerated as a result of charges arising out of an unrelated offense or circumstance and then seeks credit in the former case for that latter period of confinement.

Thus, the Supreme Court affirmed this Court's decision to withhold credit for time served on an offense committed subsequent to the offense for which credit was sought. This holding squarely encompasses the question of defendant's entitle-

ment to sixteen days credit as well as that part of the eighty-day period served from the April 14, 1986, arrest until the May 15, 1986, guilty plea, compelling us to conclude that defendant's contention in this regard lacks merit.

Although the Court in *Prieskorn* did not reach the question whether postconviction jail time entitles a defendant to credit, we are guided by that Court's analysis in deciding whether defendant is entitled to credit for time served after the May 15 plea-taking, but prior to the imposition of sentence. We begin with the Court's observation in *Prieskorn* that credit is strictly limited by statute to factual situations where the defendant is held in custody "because of being denied or unable to furnish bond for the offense of which he is convicted." MCL 769.11b; MSA 28.1083(2). We also note our view that the better reasoned decisions of this Court prior to *Prieskorn* hold that credit should not be given for incarcerations unrelated to a conviction pending sentencing when the defendant is free on bond. See *People v Finn,* 74 Mich App 580; 254 NW2d 585 (1977); *People v Risher,* 78 Mich App 431; 260 NW2d 121 (1977). We think these decisions are consistent with the analysis in *Prieskorn.* In the instant case, the record does not show that defendant's bail status was modified as a result of his guilty plea until after the imposition of sentence. Rather, the incarceration occurring between the guilty plea and sentencing resulted from defendant's inability to post bond on the latter offense for which he was convicted and for which he received credit against the latter sentence. Since the reason for defendant's incarceration was not derived from any inability to post bond for the offense for which he now seeks credit, we conclude that defendant's contrary contention is without merit.

The logical ramification of our decision is that the legal consequences of plea bargaining in the context of multiple, unrelated offenses vary significantly, depending on which offenses result in plea-based convictions and which offenses are dismissed by the prosecutor. For instance, if defendant here had obtained a plea-based conviction to the fourth offense, he would have received credit for sixteen days of jail time served in the aftermath of his arrest on that offense. We are not persuaded that disparities of this sort demand a result contrary to our decision, which we think is required by a strict reading of the jail credit statute. As the Court in *Prieskorn, supra,* p 342, noted, a motivation of a defendant to plead, resulting from credit considerations, "does not change the language of the statute and should not be judicial excuse for applying the statute to situations to which it does not extend."

Affirmed.