# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

LARRY DARNELL MALONE,

Defendant-Appellant.

UNPUBLISHED
April 18, 2017

No. 331249
Ingham Circuit Court
LC No. 13-000684-FH

Before: SAWYER, P.J., and SAAD and RIORDAN, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] his plea-based conviction of larceny from a motor vehicle, MCL 750.356a(1). The trial court sentenced defendant as a second habitual offender, MCL 769.10, to 17 to 90 months' imprisonment. Defendant challenges the trial court's award of 49 days' jail credit. We affirm.

## I. FACTUAL BACKGROUND

In January 2013, defendant removed catalytic convertors from two vehicles, intending to sell them for scrap. On June 2, 2013, he was arrested and charged with larceny from a motor vehicle (hereinafter "the Ingham County offense"). He posted bond and was released. Then, he failed to appear for a pretrial conference in June 2014. His bond was revoked, and the trial court issued a bench warrant.

In October 2014, defendant committed a second larceny from a motor vehicle (hereinafter "the Wayne County offense") and was arrested in November 2014. He pleaded guilty to that offense in February 2015 and was sentenced to one year in the Wayne County Jail, with 103 days of jail credit, and two years' probation.

Defendant was transported to Ingham County after he completed his sentence in Wayne County. He was arraigned on the bench warrant on August 5, 2015, and he pleaded guilty to the

---

[1] *People v Malone*, unpublished order of the Court of Appeals, entered February 29, 2016 (Docket No. 331249).

-1-

Ingham County offense later that month. On September 23, 2015, the trial court sentenced him as set forth above, applying 49 days of jail credit toward his sentence for the days that he spent in the Ingham County Jail between August 5, 2015, and September 23, 2015. The trial court disagreed that defendant was entitled to 308 days of jail credit, which would have included the time that he was incarcerated on the Wayne County offense. The court reasoned, "I am not giving him credit for not showing up and getting arrested other places."

## II. JAIL CREDIT

Defendant argues that the trial court violated the jail credit statute when it refused to award him jail credit in this case for the time that he served on the Wayne County offense, as he was unable to post bond while he was incarcerated for that offense. We disagree.

## A. STANDARD OF REVIEW

"Whether a defendant is entitled to credit for time served in jail before sentencing is a question of law that we review de novo." *People v Armisted*, 295 Mich App 32, 49; 811 NW2d 47 (2011).

## B. ANALYSIS

The jail credit statute, MCL 769.11b, provides:

> Whenever any person is hereafter convicted of any crime within this state and has served any time in jail prior to sentencing because of being denied or unable to furnish bond for the offense of which he is convicted, the trial court in imposing sentence shall specifically grant credit against the sentence for such time served in jail prior to sentencing.

"[T]he primary purpose of the sentence credit statute is to equalize as far as possible the status of the indigent and less financially well-circumstanced accused with the status of the accused who can afford to furnish bail." *People v Prieskorn*, 424 Mich 327, 340; 381 NW2d 646 (1985) (quotation marks and citation omitted). Accordingly, the Legislature's intent, in passing the jail credit statute, was "to give a criminal defendant a right to credit for any presentence time served 'for the offense of which he is convicted,' *and not upon any other conviction*." *Id*. at 341 (emphasis added); see also *People v Idziak*, 484 Mich 549, 560; 773 NW2d 616 (2009) (citing *Prieskorn*, 424 Mich 327, and reiterating this principle).

"To be entitled to sentence credit for presentence time served, a defendant must have been incarcerated 'for the offense of which he is convicted,' " meaning that the credit must be related to the offense for which he is being sentenced. *Id*. at 344. The Michigan Supreme Court has squarely rejected defendant's claim in this case on at least two occasions. In *Prieskorn*, 424 Mich at 340, the Court explained:

> [T]he sentence credit statute neither requires nor permits sentence credit in cases, such as the one before us, where a defendant is released on bond following entry of charges arising from one offense and, pending disposition of those charges, is subsequently incarcerated as a result of charges arising out of *an unrelated offense*

*or circumstance* and then seeks credit in the former case for that latter period of confinement. [Emphasis added.]

Later, in *People v Adkins*, 433 Mich 732, 734; 449 NW2d 400 (1989), the Court stated:

The question before the Court is whether Michigan's sentence credit statute, MCL § 769.11b . . . , requires that a defendant receive credit for time spent incarcerated in other jurisdictions, for offenses committed while he was free on bond for the offense for which he seeks such credit, from the time that a detainer or hold either was or could have been entered against him by authorities in the jurisdiction where the defendant is to be sentenced. We hold that the statute does not require sentence credit under such circumstances.

The Court reasoned:

[MCL 769.]11b does not require a court to grant sentence credit from the time a hold either was or could have been placed. As explained in *Prieskorn*, credit is to be granted for presentence time served in jail only where such time is served as a result of the defendant being denied or unable to furnish bond 'for the offense of which he is convicted." [*Id.* at 742.[2]]

"Where, as here, the defendant has served time not as a result of his inability to post bond for the offense for which he seeks credit, *but because of his incarceration for another offense, § 11b is simply not applicable*." *Id.* at 750 (emphasis added).[3]

---

[2] Defendant attempts to distinguish *Adkins* because it involved a defendant who was incarcerated out of state after being convicted of an offense that he committed while released on bond for Michigan charges. We find this distinction inapposite. The Court's reasoning in *Adkins*, 433 Mich at 743-751, directly addresses defendant's claims in this case. Likewise, the broad applicability of *Adkins* is confirmed by the Michigan Supreme Court's summary and application of *Adkins* in *Idziak*, 484 Mich at 560-561:

In *People v Adkins*, 433 Mich 732, 739; 449 NW2d 400 (1989), we applied *Prieskorn* to a case in which the defendant was released on bond after being charged with armed robbery and, before trial and conviction of the armed robbery charge, was arrested and convicted of two unrelated stolen property offenses in two other jurisdictions and began serving sentences for those convictions. We held that when, "as here, the defendant has served time not as a result of his inability to post bond for the offense for which he seeks credit, but because of his incarceration for another offense, [MCL 769.11b] is simply not applicable." *Id.* at 751.

[3] See also *People v Givans*, 227 Mich App 113, 125-126; 575 NW2d 84 (1997) (holding that a defendant was not entitled to a jail credit toward his sentence for a conviction in Jackson County from his incarceration for a separate Washtenaw County conviction, as "MCL 769.11b . . .

-3-

The record clearly shows that defendant was incarcerated for the Wayne County offense during the period of time between November 2014 and September 2015 for which he now seeks jail credit. The Ingham County offense and Wayne County offense were completely unrelated. See *Prieskorn*, 424 Mich at 340. Each offense arose from a separate incident and resulted in its own arrest, arraignment, and sentencing. Like the defendant in *Prieskorn*, defendant did not serve time for the Wayne County offense because he was unable to post bond for the Ingham County offense. See *id*. at 343. Rather, "it was because he was free on bond for [the Ingham County offense] that he was in a position to commit the [Wayne County offenses]." See *id*. Analogously, as the Court reasoned in *Prieskorn*, 424 Mich at 343-344, "[t]o attribute to the Legislature the intention that the defendant be given credit in this case for the fifty-one days served under the traffic sentence offense, committed while he was free on bond in this case, is to attribute to the Legislature an intent to afford a defendant a 'free' misdemeanor—one for which no sentence of confinement need be or could be served."

Thus, defendant is unable to apply jail credit from his incarceration for the Wayne County offense toward his subsequent sentence for the Ingham County offense. Defendant only is entitled to 49 days of jail credit for the time that he spent in jail between his arraignment on August 5, 2015, on the Ingham County offense and his sentencing on September 23, 2015, for that offense.

Defendant contends, through a comparison of hypotheticals, that applying the statute in this manner leads to inequitable results. We need not consider these hypotheticals. The Michigan Supreme Court has made clear that the statutory language is controlling. See *Adkins*, 433 Mich at 749-751; *Prieskorn*, 424 Mich at 341-342. The trial court simply was not required to grant the jail time credit requested by defendant in this case from his time in the Wayne County Jail.

## III. CONCLUSION

Defendant has failed to establish that he is entitled to relief.

Affirmed.

/s/ David H. Sawyer
/s/ Henry William Saad
/s/ Michael J. Riordan

---

provides that a defendant shall receive credit for the time he has served before sentencing *for the offense of which he is convicted*."); *People v McKnight*, 165 Mich App 66, 68-69; 418 NW2d 402 (1987) (applying *Prieskorn*, 424 Mich at 340).