*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

KENNETH RAY ADKINS,

Defendant-Appellant.

UNPUBLISHED
July 29, 2025
2:45 PM

No. 372177
Montcalm Circuit Court
LC No. 2023-029958-FH

Before: CAMERON, P.J., and REDFORD and GARRETT, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] from his sentence of 6 to 20 years' imprisonment, with 378 days of jail credit, after he pleaded no contest to assault with intent to do great bodily harm less than murder by strangulation, MCL 750.84, as a third-offense habitual offender, MCL 769.11. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Defendant's conviction arises out of his assault of a local business owner in Montcalm County. He was charged with, but not yet arrested for, the assault as well as attempted unarmed robbery. About a month later, he was arrested in Kent County for a separate, unrelated charge. Defendant pleaded no contest to the Montcalm County charges and was sentenced as noted. He was also sentenced for the unrelated Kent County charge at a different hearing.

At defendant's sentencing for the Montcalm County offense, defendant argued he was entitled to credit for the time he spent incarcerated in Kent County before his arraignment in Montcalm County. The trial court held defendant was not entitled to jail credit until he was arraigned in Montcalm County. Defendant did receive 378 days of jail credit for the time

---

[1] *People v Adkins*, unpublished order of the Court of Appeals, entered October 14, 2024 (Docket No. 372177).

defendant spent incarcerated between his arraignment in Montcalm County and his sentencing in Kent County.

Defendant moved to correct his sentence, arguing that he should have received an additional 199 days of jail credit starting from the date of his arrest in Kent County to the date of his arraignment in Montcalm County. Defendant claimed that, because of the arrest warrant, Montcalm County had full authority over him despite his incarceration in another county. Additionally, defendant asserted that *People v Prieskorn*, 424 Mich 327; 381 NW2d 646 (1985), was wrongly decided and that he was entitled to an additional 76 days of jail credit from the date of his sentencing in Kent County to the date of his sentencing in Montcalm County. The trial court denied defendant's motion. This appeal followed.

## II. STANDARD OF REVIEW

"Whether a defendant is entitled to credit for time served in jail before sentencing is a question of law that we review de novo." *People v Armisted*, 295 Mich App 32, 49; 811 NW2d 47 (2011).

## III. ANALYSIS

Defendant argues that he is entitled to additional jail credit under MCL 769.11b for both the 199 days he was incarcerated in Kent County before his arraignment in Montcalm County and the 76 days he served for his Kent County conviction before he was sentenced in the Montcalm County case. We disagree.

The jail-credit statute, MCL 769.11b, provides:

> Whenever any person is hereafter convicted of any crime within the state and has served any time in jail prior to sentencing because of being denied or unable to furnish bond for the offense *of which he is convicted*, the trial court in imposing sentence shall specifically grant credit against the sentence for such time served in jail prior to sentencing. [Emphasis added.]

Analyzing this statute, our Supreme Court explained:

[T]he primary purpose of the sentence credit statute is to equalize as far as possible the status of indigent and less financially well-circumstanced accused with the status of the accused who can afford to furnish bail.

> The Legislature sought, in enacting the statute, to give a criminal defendant a right to credit for any presentence time served for the offense of which he is convicted, and not upon any other conviction. Had the Legislature intended that convicted defendants be given sentence credit for all time served prior to sentencing day, regardless of the purpose for which the presentence confinement was served, it would not have conditioned and limited entitlement to credit to time served for the offense of which [the defendant] is convicted. [*Prieskorn*, 424 Mich at 340-341 (quotation marks and citation omitted; alteration in *Prieskorn*).]

The Court upheld this reasoning in *People v Adkins*, 433 Mich 732, 734; 449 NW2d 400 (1989), when addressing whether MCL 769.11b required jail credit "from the time that a detainer or hold either was or could have been" placed on a defendant while in he was custody in another jurisdiction. It reasoned:

> [T]he mere placement of a hold or detainer on a prisoner—an indication to the authorities in the jurisdiction which has custody of the defendant that there are charges pending against him in another jurisdiction, and that the authorities from that jurisdiction would like to be notified before he is released—does not "convert" the time the defendant is serving in the first jurisdiction into time served "for the offense" of which he is later convicted in the requesting jurisdiction. [*Id*. at 747-748.]

On the basis of this reasoning, the *Adkins* Court held that the time the defendant served in other jurisdictions before being released into the custody of the sentencing jurisdiction was not time served as a result of being denied or unable to post bond "for the offense of which he [was] convicted." *Id*. at 750 (quotation marks omitted).

Under *Prieskorn* and *Adkins*, defendant is not entitled to additional jail credit. The time he spent in jail for the unrelated Kent County charges was not because of an inability to post bond for the Montcalm County offense. *Prieskorn*, 424 Mich at 340-341. Furthermore, defendant's assertion that he was entitled to jail credit because he wrote a letter to the Montcalm County District Court informing the court that he was detained in Kent County, and that the Montcalm County prosecutor issued a warrant for his arrest, lacks merit under *Adkins*. These facts do not "convert the time" that defendant spent in jail for the Kent County charge into time served for the offense that he was convicted of in Montcalm County. See *Adkins*, 433 Mich at 477-478 (quotation marks omitted).

Defendant acknowledges that the jail credit for his Montcalm County sentence ceased when he was sentenced in Kent County, and that this was the correct result under *Prieskorn*. He instead argues that *Prieskorn* and *Adkins* were wrongly decided. However, "[w]e are bound to follow decisions of the Supreme Court unless those decisions have clearly been overruled or superseded." *People v Robar*, 321 Mich App 106, 117; 910 NW2d 328 (2017). *Prieskorn* and *Adkins* remain good law, and we are bound by their holdings.

Affirmed.

/s/ Thomas C. Cameron
/s/ James Robert Redford
/s/ Kristina Robinson Garrett